Kenneth Ray BROWN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13670.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1965.

W. D. Hart, Pauls Valley, for plaintiff in error.

Burck Bailey, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Kenneth Ray Brown, hereinafter referred to as the defendant, was charged by information in the District Court of Garvin County, Oklahoma, with the crime of Grand Larceny. He entered a plea of guilty, and was sentenced to a Four Year Suspended Sentence. From that judgment and sentence he now appeals to this Court seeking to withdraw his plea and be granted a new trial.

He contends that because he was not furnished with counsel at his preliminary hearing, he was denied his Constitutional rights. To understand this allegation, we will set forth the events as reflected by the record now before this Court.

On the night of December 10, 1964, defendant and another boy stole a suitcase containing several articles of clothing, etc., from a parked truck in the vicinity of defendant's home. He was arrested the next morning in possession of some of the articles. On the same day, defendant was taken before a committing magistrate, and bound over to District Court. On the following Monday, December 14, 1964, Judge Joe Shumate asked Eldred Harmon to act as counsel for defendant, (formal appointment being on December 18, 1964). Counsel conferred with defendant and his mother on two or three occasions prior to December 18, 1964, the date set for arraignment. On that date, defendant described the theft in detail, admitting his

part, and entered a plea of guilty at that time. Counsel and defendant's mother were both present. The following testimony appears in the record:

BY THE COURT: Mr. Harmon, have you explained all his constitutional rights to Kenneth?

MR. HARMON: Yes, your Honor.

BY THE COURT: You wish to have a formal arraignment?

MR. HARMON: Yes, that's what we're here for, isn't it, your Honor? I'll waive all formalities, yes.

BY THE COURT: Of course, he has a right to take twenty-four hours if he desires. Do you wish to waive that time, too?

MR. HARMON: Yes, sir.

BY THE COURT: You wish to enter a plea now?

MR. HARMON: Yes, sir.

BY THE COURT: What would be your plea, Kenneth?

A. Guilty.

BY THE COURT: Kenneth, I had Mr. Harmon, two or three days ago, talk with you and I imagine he's talked with you several times?

A. (Defendant nods his head affirmatively).

BY THE COURT: I'm sure he has discussed it thoroughly with you, but I want you to understand that a plea of guilty is admitting that you did do the act charged as read by Mr. Scarce. You did do that?

A. (Defendant nods his head affirmatively).

BY THE COURT: You realize that upon a plea of guilty that there's nothing left except for the court to assess punishment in a case of this nature, you realize that?

A. (Defendant nods his head affirmatively).

———◆———

Defendant, at this point, describes his part in the theft to the judge, and the county attorney recommends a suspended sentence, which the judge explains in full to the defendant. Then the following transpired:

BY THE COURT: Let me ask you this question, Kenneth: When you say that you wish to enter a plea of guilty, is it a voluntary and free act on your part after counsel with your attorney?

A. Yes, sir.

No one has threatened you or forced you to enter a plea of guilty?

A. (Defendant nods his head negatively).

You haven't been abused or mistreated in any way?

A. (Defendant nods his head negatively).

At this point, the court again explains in great detail the requirements of the suspended sentence.

It appears to this Court that the record in this case speaks for itself. The trial judge was meticulous in his handling of the rights of the defendant. The mother was present, understood, and agreed to the plea of guilty. The defendant told the judge that he and his counsel had discussed it several times.

 Counsel on appeal complains in great detail that defendant's Constitutional Rights were not protected because he did not have counsel at his preliminary hearing. The law is well settled in Oklahoma on this, as stated in Ex parte Norris, 88 Okl.Cr. 450, 204 P.2d 291:

> "Here the petitioner voluntarily entered his plea of guilty to the information with the advice and aid of counsel without ever challenging the information by motion to quash or set aside the information. We are of the opinion that he waived any right to question the preliminary proceedings or any irregularity therein by entering his plea of guilty."

And, as recently stated in Melchor v. State, Okl.Cr., 404 P.2d 63: handed down April 14, 1965:

> "If the defendant, upon arraignment, pleads to the merits, * * * he waives the right to preliminary examination, or, if one was held, any irregularities therein."

See, also, Blake v. State, Okl.Cr., 375 P.2d 270; Muldrow v. State, 16 Okl.Cr. 549, 185 P. 332.

Counsel states in his brief that defendant could neither read nor write. We find this hard to believe inasmuch as defendant advised the trial court he had attended school thru the 9th grade.

 This Court has always held that the granting or denying of permission to withdraw a plea of guilty either before or after judgment is a matter within the sound discretion of the trial court, and we will not interfere unless there is an abuse of that discretion.

 A defendant should not be permitted to trifle with the trial court by changing his plea to a criminal charge capriciously. This Court held in the case of Antuna v. State, Okl.Cr., 388 P.2d 345:

> "In order to sustain the contention of an accused that a trial court has abused its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly, through ignorance, inadvertence, influence, or without deliberation, and that there is a defense that should be presented to the jury."

It is hard to understand why a defendant would ask for a reversal of a case in which he received a suspended sentence, where there was no question of guilt.

This Court is of the opinion that the contentions raised by the defendant are not meritorious, and the judgment and sentence of the trial court is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.