Calvin A. **WILLIAMS**, Petitioner,

v.

Ray H. **PAGE** and the State of Oklahoma, Respondents.

No. A–14331.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1968.

Calvin A. Williams, pro se.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondents.

BRETT, Judge:

Calvin A. Williams filed in this Court his petition for release from his confine- ment in the State Penitentiary by writ of habeas corpus. Petitioner alleges that he is presently serving a sentence of two years assessed by the Superior Court of Co- manche County, upon his plea of guilty to a charge of attempted rape.

As grounds for release, petitioner alleges that he was not afforded court-appointed counsel when he was brought before the Court of Special Sessions for arraignment, nor at the time of his preliminary hearing in said court; and, further, that his plea of guilty in the Superior Court was not volun- tarily entered. He further charged preju- dice on the part of the court officials of Comanche County.

A certified copy of the minutes of the trial court attached to the response filed by the Attorney General on behalf of the respondents, shows that this petitioner was present with his counsel at the time set for trial, and that the court fully explained to the petitioner the nature of the offense charged, his right to trial by jury, his right to time in which to plead, and the conse- quences of a plea of guilty; and that after being so advised the petitioner entered his plea of guilty, and was sentenced to two years imprisonment.

In Brown v. State, Okl.Cr., 405 P.2d 698, Judge Nix, speaking for this Court, said:

"When the defendant voluntarily enters his plea of guilty to the information with the advice and aid of counsel without challenging the information by motion to quash or set aside the information, he waives any right to question the pre- liminary proceedings or any irregularity therein."

After considering the petition and the response filed herein, this Court ordered an evidentiary hearing to be held in connection with the judgment and sentence in case No. C–1869, in the Superior Court of Co- manche County. An attorney was appoint- ed to represent petitioner, and the hearing was held on November 6, 1967, before the Hon. Robert S. Landers, judge of that court.

Petitioner was present with his counsel at the hearing, and testified at length, as did his brother. Mr. J. Merle Oaks, the court-appointed attorney who represented the petitioner at his original trial, also testified.

A full transcript of the hearing has been duly filed in this Court, and we have carefully read and considered the same, as well as the charges made by the petitioner.

This Court has often said that in a habeas corpus proceeding to obtain release from custody under prison sentence, every presumption favors the regularity of the proceedings, and great weight will be given to the recitations in the minutes of the trial court, as to what actually happened. Where a petition for writ of habeas corpus is filed, the burden is upon the petitioner to sustain the allegations thereof.

It is our conclusion that the petitioner has wholly failed to meet the burden of proving the charges made in his petition, and that the petition for writ of habeas corpus should be, and therefore is, denied.

NIX, P. J., and BUSSEY, J., concur.