Robert Lee TURNER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–15448, A–15449.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1970.

Keen, Moulton & Winfrey, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

The appeals A–15448 and A–15449 are consolidated in this opinion since they arise from judgments and sentences rendered in the District Court of Oklahoma County on pleas of guilty wherein the defendant was sentenced to serve a term of one year imprisonment in the state penitentiary in Oklahoma County District Court Case No. 29244 for the crime of Grand Larceny; and was sentenced to serve a concurrent sentence of one year imprisonment in Oklahoma County District Court Case No. 30328 for the crime of Failure to Return Rented Property.

From the record it appears that defendant appeared in open court with counsel of his own choice on the day set for trial and after being advised of his constitutional rights to a jury trial, he withdrew his pleas of not guilty previously entered and entered pleas of guilty to the two charges, with full knowledge of the nature and consequence of such pleas, after acknowledging that his pleas of guilty were entered because he was

 

guilty and not as a result of any promise or coercion. He was advised of his right to appeal and proper notice of intent to appeal was duly entered, together with a request for the record.

A Motion for New Trial was thereafter filed on behalf of the defendant in the trial court in both cases, which was overruled after the court received evidence and took testimony in the hearing conducted on said Motions; the trial court finding as he did so, that the allegations contained in said Motion for New Trial were false.

Thereafter, the defendant, by and through counsel of his own choice, perfected these appeals by filing Petitions in Error with a transcript of the trial proceedings and urges on appeal the identical questions previously presented to the trial court in the Motion for New Trial.

Our examination of the record leads us to conclude that these are frivolous appeals and that the defendant entered the pleas of guilty in the trial court, while represented by counsel of his own choice, because he was guilty and that such pleas were not entered as a result of any promise, threats or coercion. Under such circumstances it appears that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgments and sentences imposed, and that the defendant, by freely and voluntarily entering his pleas of guilty, while represented by counsel, with full knowledge of the nature and consequence of such pleas, waived any objection to any irregularities occurring prior to the entry of such pleas.

In summary, we are of the opinion and therefore, hold, that when the defendant appeared in open court, with counsel of his own choice, on the date set for trial, and withdrew his pleas of not guilty and freely and voluntarily entered pleas of guilty, with full knowledge of the nature and consequence of such pleas and because he was guilty, the Court of Criminal Appeals will affirm the judgments and sentences imposed by the trial court.

The judgments and sentences appealed from are accordingly

Affirmed.

BRETT, P. J., and NIX, J., concur.