**Morris Edward STARKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. C–74–15.**

Court of Criminal Appeals of Oklahoma.

June 13, 1974.

Leslie R. Earl, Chie fPublic Defender, Frank A. Zeigler, Legal Intern, for appellant.

Larry Derryberry, Atty. Gen., Bill Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Morris Edward Starks, hereinafter referred to as defendant, was charged and entered a plea of guilty in the District Court, Tulsa County, Oklahoma, to two charges of Unlawful Delivery of a Controlled Drug, Cases No. CRF–73–860 and CRF–73–865. His punishment was fixed at two (2) ten (10) year sentences to run concurrently. From said judgments and sentences, the defendant timely filed his Petition for Writ of Certiorari, the same being granted on January 21, 1974.

■ Defendant's first proposition asserts that 63 O.S.1971, § 2–401, the statute under which he entered two pleas of guilty, is unconstitutional. Defendant contends that 63 O.S.1971, § 2–401 is unconstitutionally vague and not sufficiently clear and explicit for a person of ordinary intelligence to understand its provisions. In support, the defendant argues that there is no adequate definition of the word "distribute" as used by the statute to which he pled guilty. That in our past decisions we have used the word "sell" synonymously with the word "distribution." The pertinent part of 63 O.S. § 2–401, reads as follows:

"A. Except as authorized by this act, it shall be unlawful for any person:

1. To manufacture, distribute, dispense, or possess with intent to manufacture, distribute or dispense, a controlled dangerous substance;"

And 63 O.S.1971, § 2–101(10) and (12) [definitions] state:

"10. 'Deliver' or 'delivery' means the actual, constructive or attempted transfer from one person to another of a controlled dangerous substance, whether or not there is an agency relationship."

"12. 'Distribute' means to deliver other than by administering or dispensing a controlled substance."

In the case of Lock, et al. v. Falkenstine, Okl.Cr., 380 P.2d 278 (1963), this Court set forth the standards by which penal statutes or ordinances are to be measured:

"Statute which creates and provides for the punishment of criminal offenses should be so clear and explicit that all

persons of ordinary intelligence who are subject to these penalties may understand their provisions.

"Laws which create crimes ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. Before a man can be punished, his case must be plainly and unmistakably within the Statute.

"No penal law can be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may and what he may not do under it.

\* \* \* \* \* \*

"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differs as to its application; or a statute, the literal interpretation of which would create an absurdity, violates the first essential of due process. \* \* \*"

■ Applying these standards to 63 O.S.1971, § 2–401, supra, we are of the opinion that its mandates are so clearly expressed that any ordinary person can determine in advance what he may or what he may not do under it. Further, it is our opinion that the word "distribute" means to deliver [as defined by 63 O.S.1971, § 2–101(12)], in any manner other than to "administer" or "dispense," which would encompass the act of selling a controlled dangerous substance. It is, therefore, our opinion that 63 O.S.1971, § 2–401 is constitutional.

Defendant's final proposition asserts that the evidence produced by the State at the preliminary hearing reveals that the defendant was nothing more than a procuring agent and the examining magistrate should have bound the defendant over for unlawful possession instead of unlawful delivery.

In the case of Turner v. State, Okl.Cr., 474 P.2d 670 (1970), this Court held in the Syllabus:

"Where the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgments and sentences imposed, and the defendant, by freely and voluntarily entering his pleas of guilty, while represented by counsel of his own choice, with full knowledge of the nature and consequence of such pleas waiving any objection to any irregularities occurring prior to the entry of such pleas, the judgments and sentences appealed from will be affirmed."

Also see Collins v. State, Okl.Cr., 521 P.2d 826 (45 OBAJ 931), and Ledgerwood v. State, Okl.Cr., 455 P.2d 745 (1969).

■ Further, this Court has consistently held that where an appeal is taken by an accused from a judgment entered upon a plea of guilty, the appeal will ordinarily present only such questions as to go to the free and voluntary character of the plea, or that accused was not of competent intelligence, or was not advised of his legal rights and the nature and consequences of his plea, or as to the sufficiency of the indictment or information to confer jurisdiction, or the legality of the sentence. See Dunn v. State, Okl.Cr., 488 P.2d 606 (1971).

In the instant case the record reveals that the defendant knowingly and voluntarily, with the advice of counsel, entered a plea of guilty to the charges of Unlawful Delivery of a Controlled Drug. It is therefore our opinion that the judgments and sentences appealed from should be, and the same are hereby,

Affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.