**Joan MAYNARD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. C–84–840.**

Court of Criminal Appeals of Oklahoma.

March 18, 1986.

Ronald H. Mook, Thomas W. Burns, Tulsa, for appellant.

## MEMORANDUM OPINION

BRETT, Judge:

Appellant, Joan Maynard, pled nolo contendre in Tulsa County District Court in Case No. CRF–83–3198 Count I, II, III, and IV—Unlawful Possession of Controlled Drug with Intent to Distribute; Count V—Unlawful Possession of Marijuana with Intent to Distribute; Count VI—Maintaining a Dwelling House Where Controlled Drugs are Kept; and, in Case No. CRF–83–3442 Count I—Unlawful Possession of Controlled Drug with Intent to Distribute, Count II—Unlawful Possession of Marijuana with Intent to Distribute and Count III—Maintaining Place Resorted to By Users of Drugs. Appellant was sentenced to seven years' imprisonment on each of the nine counts; the sentences are to run concurrently.

These sentences were the result of a plea bargain made with the prosecutor. Appellant raises only one issue for review; she questions the sufficiency of the affidavit in support of the search warrant that resulted in these charges. Appellant was originally charged AFCF on these charges with the minimum sentences as high as twenty years. The agreement with the district attorney was therefore extremely favorable. Appellant wants to question the strength of the state's case against her but at the same time keep the benefits of the plea bargain.

A certiorari appeal in this State has a very narrow function. The only issues this Court will entertain are those addressed in *King v. State*, 553 P.2d 529 (Okl.Cr.1976). *See also Coyle v. State*, 706 P.2d 547 (Okl. Cr.1985). If the *King* requirements are met this Court will then review, if it is raised, the trial court's actions in refusing to grant a withdrawal of a guilty or nolo contendre plea. *Elmore v. State*, 624 P.2d 78 (Okl.Cr.1981). That is the extent of a certiorari appeal in the Oklahoma Court of Criminal Appeals.

Appellant objects to the prosecutor recommending a lesser sentence than the jury could have assessed. She stated in her application to withdraw her pleas:

Further, on the grounds that this procedural error [the issuance of the search warrant] placed the Defendant in the position such that she was denied her legal defense and forced to trade her constitutional right guaranteed by Article II, Section 30, of the Oklahoma Constitution in a plea bargain with the State for seven (7) years when she faced a minimum of twenty (20) years.

Appellant's remedy was to go to trial on this case and preserve the search and sei-

zure issue for a regular appeal. No one forced her to give up that right; she made the choice.

■ Appellant has not asked that the record on her plea be reviewed. She has not questioned the denial of her application to withdraw her plea on any other grounds. There being no authority cited for reversal we find the judgments and sentences should be affirmed in all respects save one.

■ There is no record that appellant was pleading guilty as a recidivist to Maintaining a Dwelling House Where Controlled Drugs are Kept-Count VI, Case No. CRF–83–3198 and Maintaining Place Resorted to by Users of Drugs-Count III, Case No. CRF–83–3442. 63 O.S.1981 § 2–404. The maximum for a first offense is five years on those charges. This was pointed out to the appellant and she was asked if she wanted to change her plea but she declined. The trial court should not have imposed a greater punishment than the law allows. This matter is remanded to the district court with directions to enter a nunc pro tunc judgment and sentence showing a five year sentence as the punishment in Case No. CRF–83–3198—Count VI and in Case No. CRF–83–3442—Count III.

AFFIRMED and REMANDED WITH DIRECTIONS.

PARKS, P.J., concurs in result.

BUSSEY, J., concurs.