**Janie Lee STOKES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. J–87–33.

Court of Criminal Appeals of Oklahoma.

June 9, 1987.

Rehearing Denied July 31, 1987.

Mark A. Graziano, Asst. Public Defender, Tulsa, for appellant.

Davis Moss, Dist. Atty., A.J. Shultz, Asst. Dist. Atty., Tulsa, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Janie Lee Stokes, a juvenile age 16, was charged as an adult in Tulsa County District Court Case No. CRF–86–38. She pled guilty to Robbery With a Dangerous Weapon, Count I, and Assault and Battery With a Dangerous Weapon, Count II. At the time this appeal was lodged, she had not been sentenced.

Between the reverse certification hearing and the trial date appellant filed an application with this court for a writ of mandamus requesting the trial be stayed pending an appeal to this court. This Court declined to assume jurisdiction.

Appellant was walking down the street in a residential area of Tulsa; the victim, Billy Jo Hutchins, was working in her front yard. Ms. Hutchins reluctantly let appellant in her house when appellant approached her to use the phone and the bathroom. When appellant finished in the bathroom, she hit Ms. Hutchins in the head allegedly with her hand, knocked her down, and drug her by the hair into the kitchen. She then told her to give her her rings and "stuff". Appellant, again using Ms. Hutchins' hair, drug her down to the basement where she was tied and gagged. Appellant had a six inch kitchen knife by now and she demanded Ms. Hutchins give her the car keys. After Ms. Hutchins told her where the keys were, appellant made two very deep gashes in Ms. Hutchins' legs and stole the car.

This version of the facts is according to appellant's statement to the Court when her guilty plea was entered. The victim's testimony at the preliminary hearing and reverse certification hearing was essentially the same although the victim was not certain if the first blow to her head, which was from the back, was with a purse or another similar instrument. This blow broke a facial bone and injured the victim's eye which resulted in vision impairment.

In appellant's first proposition of error she is challenging the order denying her request for reverse certification. *See* 10 O.S.Supp.1986, § 1104.2. She claims the evidence at the preliminary hearing was only sufficient, if at all, for a charge of Robbery by Force and since that charge is not one of the ones enumerated in the reverse certification provisions of the code she should have been tried as a juvenile. 10 O.S.Supp.1986, § 1104.2(A). Appellant is contending that the weapon was introduced too late in the sequence of events to transform the robbery from being one committed "by force" to one committed "with a dangerous weapon."

When appellant pled guilty she waived any irregularities in the preliminary hearing except jurisdictional questions. This waiver includes the issue that the crimes charged were inappropriate in light of the facts presented at the preliminary hearing. *Starks v. State*, 523 P.2d 1108, 1110 (Okl.Cr.1974). Appellant is not asking the Court to allow her to withdraw her

guilty plea; she is questioning the propriety of the charge as applied to the facts in her case. *See Ledgerwood v. State,* 455 P.2d 745 (Okl.Cr.1969); *Slayton v. Willingham,* 726 F.2d 631, 634 (10th Cir.1984). Cf. *Maynard v. State,* 715 P.2d 1341 (Okl.Cr. 1986) (objection to search warrant raised in certiorari appeal).

■ Appellant's second proposition of error is a claim the assault and battery with a dangerous weapon charge should have been dismissed because it is not one of the offenses in 10 O.S.1981, § 1104.2(A). If one of the counts in a multi-count information qualifies for the reverse certification procedure then the other counts, if there is proper joinder, will be tried accordingly. 22 O.S.1981, § 438. Our finding in appellant's first proposition renders this argument moot. Appellant also waived this issue with her plea. *See Huddleston v. State,* 695 P.2d 8, 10 (Okl.Cr.1985).

■ Appellant's third and final proposition is a claim the trial court erred in refusing appellant's request she be certified as a child and processed in the juvenile system. The Court will review the trial court's exercise of discretion in its ruling. *See Harris v. State,* 625 P.2d 1269, 1270 (Okl.Cr.1981). Of the items enumerated in the statute, 10 O.S.Supp.1986 1104.2(C.1–4), we find appellant committed the offense in an aggressive, violent, premeditated and willful manner; the crime was against a person as well as property and the victim was seriously injured. Appellant was already known in the juvenile system for prior acts. The fourth category in the statute could hardly be found in appellant's favor in light of the facts behind the first three categories. This case did not even present a close question for the Court. We find no merit in this argument. *See Jones v. State,* 654 P.2d 1080 (Okl.Cr.1982).

The judgment and sentence and the order on reverse certification is AFFIRMED.

BUSSEY, and PARKS, JJ., concur.