**A.T., JR., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. J–89–185.**

Court of Criminal Appeals of Oklahoma.

May 3, 1989.

Rehearing Denied June 14, 1989.

William R. McKinney, Asst. Public Defender, Juvenile Div., Oklahoma City, for appellant.

Robert H. Macy, Oklahoma County Dist. Atty. and Brad Miller, Asst. Dist. Atty., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

A.T., appellant, is charged with the crime of Kidnapping for Purposes of Extortion, under 10 O.S.Supp.1986, § 1104.2(A), in the District Court of Oklahoma County, Case No. CRF–88–6081. Under the same Information, appellant is also charged with Robbery by Force or Fear, in violation of 21 O.S.1981, § 791, Unauthorized Use of a Motor Vehicle, in violation of 47 O.S.1981, § 4–102, and Burglary in the First Degree, in violation of 21 O.S.1981, § 1431. All charges arose from the same transaction.

On December 23, 1988, the Honorable Sidney D. Brown conducted a preliminary hearing in reference to the crimes charged in Case No. CRF–88–6081. Before the hearing, defense counsel argued that since Robbery by Force or Fear, Unauthorized Use of a Motor Vehicle and First Degree Burglary were not crimes enumerated in 10 O.S.Supp.1986, § 1104.2(A), appellant could not be charged as an adult for those crimes. However, relying on *Stokes v. State*, 738 P.2d 1364, 1366 (Okla.Crim.App. 1987), the trial court denied appellant's motion, holding that once a juvenile is deemed to be an adult for one reverse certification crime, *see* 10 O.S.Supp.1986, § 1104.2(A), then the juvenile is deemed to be an adult for any other charge arising out of the same transaction. The trial court further held, over appellant's objection, that the burden would be on appellant to prove that

he should be certified as a child as to the nonreverse certification crimes. (Tr.5)

On January 10, 1989, the certification hearing was held. Appellant presented three witnesses. After announcing rest, defense counsel renewed his motion to certify A.T. as a child, and repeated his objection to having the burden of proof on the nonreverse certification charges.

Title 10 O.S.Supp.1986, § 1104.2(A) delineates ten (10) crimes in which a person sixteen (16) or seventeen (17) years of age, if charged, is to be considered an adult for purposes of trial. Under this section, it is the burden of the child to make an application for certification as a child into the juvenile division of the district court. For any other crime, the burden is on the State to prove that the child should not be tried in juvenile court, but rather, should be certified to stand trial as an adult. *See* 10 O.S.Supp.1988, § 1112(b).

Finally, 10 O.S.Supp.1988, § 1112(d) provides,

Any child who has been certified to stand trial as an adult pursuant to any certification procedure provided by law *and is subsequently convicted* of the alleged offense or against whom the imposition of judgment and sentencing has been deferred shall be tried as an adult *in all subsequent* criminal prosecutions, and shall not be subject to the jurisdiction of the juvenile court in any further proceedings. (Emphasis added).

In the present case, it does not appear from the record that A.T. has previously been certified to stand trial as an adult and subsequently convicted. Therefore, A.T. cannot be tried as an adult for Robbery by Force or Fear, Unauthorized Use of a Motor Vehicle or First Degree Burglary, unless proper certification procedures are followed. *See* 10 O.S.Supp.1988, § 1112(b). In the event A.T. is certified, joinder of all charges at one trial would be proper under 22 O.S.1981, § 438. *See Stokes v. State,* 738 P.2d 1364, 1366 (Okla.Crim.App.1987).

The order certifying A.T. as an adult for these three offenses is REVERSED.

BRETT, P.J., and LUMPKIN and LANE, JJ., specially concur and file opinions.

PARKS, V.P.J., concurs.

LUMPKIN, Judge, specially concurring:

I agree with the application of 10 O.S. 1981, § 1112(d) in this case and with the clarification of our opinion in *Stokes v. State,* 738 P.2d 1364 (Okl.Cr 1987), but write separately to further discuss the *Stokes* case. The decision in *Stokes* was rendered on an underlying factual basis which included the defendant entering a plea of guilty and thereby waiving her right to raise certain issues. One of the issues waived was the defendant's ability to challenge the state's prosecution of her as an adult on a charge which was not an enumerated offense under 10 O.S.Supp. 1986, § 1104.2(A). This Court stated in *Stokes:*

If one of the counts in a multi-count information qualifies for the reverse certification procedure then the other counts, if there is proper joinder, will be tried accordingly. 22 O.S.1981, § 438. Our finding in appellant's first proposition renders this argument moot. Appellant also waived this issue with her plea. (Emphasis Added) (Citations omitted)

738 P.2d at 1366

Therefore, this Court has not previously addressed this issue on the merits.

Further, the reference to "if there is proper joinder" is not clear as to its meaning and, as in this case, can lead to an improper interpretation and application. Our decision today sets forth the proper procedure to follow when a juvenile is charged with separate acts arising out of the same transaction, some of which are enumerated acts under 10 O.S.Supp.1986, § 1104.2(A) and some which are not.

BRETT, Presiding Judge, specially concurring:

I concur in this decision, but I also join with Judge Lumpkin in his special concurrence.

LANE, Judge, specially concurring:

I concur in this decision, but I also join with Judge Lumpkin in his special concurrence.