The STATE of Oklahoma, Appellant,

v.

Homer E. SAUNDERS, Appellee.

No. S–94–0177.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1994.

Thomas C. Gilbert, Asst. Dist. Atty., Tulsa, for appellant.

Marion M. Dyer, Broken Arrow, for appellee.

*ACCELERATED DOCKET ORDER*

Appellant was charged by Information in Tulsa County, Case No. CM–93–1515 with Stalking. On November 22, 1993, Appellee filed a Motion to Dismiss before trial alleging 21 O.S.Supp.1993, § 1173 is unconstitutional. A hearing on the motion to dismiss was held on November 30, 1993. Judge Musseman granted the Appellee's motion to dismiss finding that the statute is "unconstitutional in that it violates the due process clause, as well as the fifth amendment, presumption of innocence, and that it is vague, overbroad, and cannot be reasonably interpreted by anyone subject to the statute with common knowledge and understanding." From this decision, the State has perfected this appeal.

Pursuant to 22 O.S.Supp.1993, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 11.3, Appellant made application for this case to be assigned to the Accelerated Docket of this Court. No objection was filed by Appellee. The propositions or issues

were presented to this Court in oral argument October 20, 1994, pursuant to Rule 11.5(C). At the conclusion of oral argument, the parties were advised of the decision of this Court.

Appellant raised three propositions of error on appeal:

I. Statutes are presumptively constitutional;

II. 21 O.S. § 1173 is not unconstitutionally vague; and

III. Subsection E does not unconstitutionally shift the burden of proof.

The case before us does not involve a question of fact, but instead presents a matter of law. We begin with the basic rule of statutory construction that "Every presumption must be indulged in favor of the constitutionality of an act of the Legislature, and it is the duty of the courts, whenever possible, to harmonize acts of the Legislature with the Constitution." *See State v. Pratt*, 816 P.2d 1149, 1151 (Okl.Cr.1991).

Appellant argues that Section 1173 of Title 21 is not vague. The standards by which we are to determine the constitutionality of a challenged statute are clear. The United States Supreme Court has said, "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). The United States Supreme Court has stated, "[W]e have recognized that the overbreadth doctrine is 'strong medicine' and have employed it with hesitation, and then 'only as a last resort.'" *Broadrick v. State*, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973).

Additionally, this Court has stated that "It is fundamental that statutes creating criminal offenses must be drawn in language sufficient to apprise the public of exactly what conduct is forbidden. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning

and differ as to its application violates the first essential of due process of law." *Hayes v. Municipal Court of Oklahoma City*, 487 P.2d 974, 976 (Okl.Cr.1971). We have no difficulty in concluding that 21 O.S.Supp. 1993, § 1173 gives fair notice of the proscribed activity and is not void for vagueness on its face.

The legislature has responded to the increased public awareness and media attention devoted to the stalking of an individual. A careful balance must be achieved for a statute addressing stalking to be effective. Stalking statutes must be defined as broadly as possible to maximize victim protection, but narrowly enough to prevent serious abuse. We believe 21 O.S.Supp.1993, § 1173 provides ample clarity and notice. The word "repeatedly" adds to the specific intent required to commit the offense as well as the restraint law enforcement officers and prosecutors must follow. Not until a perpetrator follows or harasses a victim more than once does the conduct rise to a criminal level. Additionally, by using the words, "willfully and maliciously," the legislature has provided that it is the perpetrator's intent which triggers this statute. This construction is consistent with the decisions in other jurisdictions. *See Pallas v. State*, 636 So.2d 1358 (Fla.App. 3 Dist.1994); *People v. Heilman*, 25 Cal.App.4th 391, 30 Cal.Rptr.2d 422 (1994).

Appellant also argues that contrary to the District Court's finding, this statute does not unconstitutionally shift the burden of proof to the defendant. A rebuttable presumption created by the legislature will not be sustained if there is no rational connection between the fact proved and the ultimate facts presumed. *Baledge v. State*, 536 P.2d 1329, 1330 (Okl.Cr.1975). Judge Musseman found that in this case the rebuttable presumption created in Section 1173(E) provided "no rational connection between the facts proved and the ultimate facts presumed." We find a rational connection does exist between the facts proved (which are (1) a course of conduct by the perpetrator; (2) a request by the victim for the perpetrator to cease this conduct; and (3) a continuation of the course of conduct); and the fact pre-

sumed (that the victim actually felt terrorized, frightened, intimidated, threatened, harassed, or molested.) Clearly, the victim would not have requested the perpetrator to stop the conduct if the conduct was not causing a problem, i.e. causing the victim to feel harassed or frightened. The continuation of such conduct would naturally lead the victim to feel terrorized, frightened, intimidated, threatened, harassed or molested. The fact presumed is not the guilt of the perpetrator, but rather the feeling of the victim. We therefore find this proposition to be without merit.

IT IS THEREFORE THE ORDER OF THIS COURT, by a five (5) to zero (0) vote, after hearing oral argument and after a thorough consideration of Appellant's proposition of error, the dismissal of Case No. CM–93–1515 is REVERSED.

IT IS SO ORDERED.

/s/Gary L. Lumpkin
GARY L. LUMPKIN,
Presiding Judge

/s/Charles A. Johnson
CHARLES A. JOHNSON,
Vice Presiding Judge

/s/James F. Lane
JAMES F. LANE,
Judge

/s/Charles S. Chapel
CHARLES S. CHAPEL,
Judge

/s/Reta M. Strubhar
RETA M. STRUBHAR,
Judge