OSCN Found Document:WEEKS v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WEEKS v. STATE
2015 OK CR 16
Case Number: C-2015-258
Decided: 11/23/2015
JIMMY ROBERT WEEKS, Petitioner, v. THE STATE OF OKLAHOMA, Respondent.
Cite as: 2015 OK CR 16, __ __

 



 





OPINION DENYING CERTIORARI







LUMPKIN, VICE PRESIDING JUDGE:



¶1 Petitioner, Jimmy Robert Weeks, was charged by Amended Information in the District Court of Rogers County, Case No. CF-2014-229, with Sex Offender Loitering within 500 Feet of a Child Care Center (Counts 1-2) (21 O.S.Supp.2010, § 1125). Petitioner filed a motion challenging the constitutionality of the statute under which he was charged and, in the alternative, seeking to quash the Information for insufficient evidence. The District Court denied Petitioner's motion on December 4, 2014.


¶2 Petitioner's case came on for jury trial on February 9, 2015 before the Honorable J. Dwayne Steidley, District Judge. On that date, Petitioner waived his right to trial and entered a negotiated no contest plea to Count 2 of the Amended Information. Pursuant to the plea agreement, the State dismissed Count 1 but stood moot as to the issue of punishment as to Count 2.


¶3 The District Court accepted Petitioner's plea and sentenced him to six (6) months in the county jail with credit for the six (6) months that he had spent in jail awaiting trial. The District Court further ordered Petitioner to pay a fine in the amount of $250.00, a $100.00 Victims Compensation Assessment, and the costs of the action.


¶4 On February 19, 2015, Petitioner filed his Application to Withdraw Plea. At a hearing held on March 11, 2015, the District Court denied Petitioner's Motion. It is that denial which is the subject of this appeal.


¶5 Petitioner raises the following propositions of error in support of his appeal.




I. That Title 21, Section 1125(A) is unconstitutional for being vague and overbroad.


II. There was insufficient evidence to find Petitioner guilty.




¶6 After thorough consideration of the propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we affirm the trial court's ruling.


¶7 In his first proposition of error, Petitioner contends that 21 O.S.Supp.2010, § 1125(A), is unconstitutional. He does not claim that his plea was not knowingly and voluntarily entered, but, simply claims that the statute upon which he was convicted does not give fair notice of what is prohibited.[1] Therefore, we must determine whether Petitioner's claim is reviewable in a certiorari proceeding.


¶8 The United States Supreme Court has clearly established that a guilty plea has a preclusive effect on a petitioner's collateral attacks on his conviction. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 762, 102 L.Ed.2d 927 (1989). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267, 93 S.Ct. at 1608.


¶9 A valid guilty plea forecloses inquiry into pre-plea defenses. Id., 411 U.S. at 266, 93 S.Ct. at 1607. It also forecloses independent inquiry into a claim of discrimination in the selection of the grand jury. Id. "[A] counseled defendant may not make a collateral attack on a guilty plea on the allegation that he misjudged the admissibility of his confession." Broce, 488 U.S. at 572, 109 S.Ct. at 764, citing McMann v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). Even a double jeopardy claim may be waived by the entry of a guilty plea. Id., 488 U.S. at 576, 109 S.Ct. at 765, citing Menna v. New York, 423 U.S. 61, 62, 96 S. Ct. 241, 242, 46 L.Ed.2d 195 (1975). Thus, a valid guilty plea forecloses review of those claims, constitutional and otherwise, which a petitioner had before entering the plea. Tollett, 411 U.S. at 266, 93 S.Ct. at 1607.


¶10 While claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not independent grounds for relief. Id., 411 U.S. at 267, 93 S.Ct. at 1608. Instead, a petitioner is limited to attacks on the voluntary and intelligent nature of the plea. Id.; Broce, 488 U.S. at 573-74, 109 S.Ct. at 764-65.


¶11 We have similarly recognized this rule. This Court has held that a valid guilty plea waives any irregularity in the proceedings that occurred prior to the plea. Frederick v. State, 1991 OK CR 56, ¶ 5, 811 P.2d 601, 603 (recognizing valid guilty plea fatal to petitioner's claim that he had a defense or mitigating evidence to present at trial); Stokes v. State, 1987 OK CR 114, ¶ 6, 738 P.2d 1364, 1365 (finding guilty plea waives claim that crimes charged were inappropriate in light of facts presented at preliminary hearing); Maynard v. State, 1986 OK CR 35, ¶¶ 3-4, 715 P.2d 1341, 1342-43 (finding petitioner's nolo contendre plea waived review of challenge to sufficiency of search warrant resulting in charges); Brown v. State, 1965 OK CR 104, ¶ 5, 405 P.2d 698, 701 (holding guilty plea waives right to question any irregularities in preliminary hearing). We have limited certiorari review to determining whether or not the plea was entered voluntarily and intelligently." Frederick, 1991 OK CR 56, ¶ 5, 811 P.2d at 603, citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).


¶12 The United States Supreme Court has recognized a single exception to this rule. A guilty plea does not preclude review of a claim that implicates "the very power of the State to bring the defendant into court to answer the charge brought against him." Blackledge v. Perry, 417 U.S. 21, 30-31, 94 S.Ct. 2098, 2103-04, 40 L.Ed.2d 628 (1974), citing Tollett, 411 U.S., at 266, 267, 93 S.Ct., at 1607, 1608. A guilty plea does not foreclose a subsequent challenge that the charge, judged on its face, is one which the State may not constitutionally prosecute. Broce, 488 U.S. at 575, 109 S.Ct. at 765.


¶13 Consistent with the Supreme Court's pronouncement, this Court has held that a valid guilty plea does not preclude review of a claim that implicates the State's power to prosecute the case, or concomitantly, on the trial court's power to hear the case. Cox v. State, 2006 OK CR 51, ¶¶ 4, 9, 152 P.3d 244, 247, 248. We have recognized that following a plea of guilty or nolo contendere, the certiorari review process permits a petitioner to raise a facial challenge to the constitutionality of the statute upon which their conviction rests. Maxwell v. State, 2006 OK CR 33, ¶¶ 2-7, 141 P.3d 564, 566-67; Hayes v. Mun. Court of Oklahoma City, 1971 OK CR 274, ¶ 2, 487 P.2d 974, 975 (finding jurisdictional failure in trial court entertaining prosecution of violation of ordinance unconstitutional on its face). However, this exception does not apply to a challenge that the statute was unconstitutional as applied to the defendant. Poke v. State, 1973 OK CR 422, ¶ 15, 515 P.2d 252, 255 (refusing to consider constitutionality of application of habitual offenders statute first raised on appeal); United States v. De Vaughn, 694 F.3d 1141, 1149-50, 1154 (10th Cir. 2012) (recognizing that guilty plea precludes direct inquiry into as-applied constitutional claim).


¶14 We emphasize that this exception is very narrow. For the vast majority of challenges, the only remedy is to go to trial and preserve the issue for a regular appeal. See Maynard, 1986 OK CR 35, ¶ 5, 715 P.2d at 1342-43. This Court has even recognized that a bench trial may be the most expedient way to preserve appellate review of an issue. Maxwell, 2006 OK CR 33, ¶ 7 n.10, 141 P.3d at 567 n. 10.


¶15 Turning to the present case, Petitioner argues that § 1125(A) is unconstitutional as written. He does not argue that the statute is unconstitutional as applied to him. Therefore, this Court may properly review Petitioner's facial challenge to the constitutionality of the statute.


¶16 Generally, this Court reviews a trial court's decision to deny the withdrawal of a plea for an abuse of discretion. Carpenter v. State, 1996 OK CR 56, ¶ 40, 929 P.2d 988, 998. Because Petitioner's challenge to the constitutionality of § 1125(A) raises a question of statutory interpretation, it presents a question of law that we review de novo. Murphy v. State, 2012 OK CR 8, ¶ 30, 281 P.3d 1283, 1292


¶17 The party attacking the constitutionality of a statute has the burden of proving the statute is unconstitutional. Id., 2012 OK CR 8, ¶ 32, 281 P.3d at 1292; Romano v. State, 1993 OK CR 8, ¶ 66, 847 P.2d 368, 384. We defer to our sister branch of the government and indulge every presumption in favor of the constitutionality of an act of the Legislature. State ex. rel. Mashburn v. Stice, 2012 OK CR 14, ¶ 12, 288 P.3d 247, 250-51; Murphy, 2012 OK CR 8, ¶ 32, 281 P.3d at 1292.


¶18 The standards by which we are to determine the constitutionality of a challenged statute are clear. State v. Saunders, 1994 OK CR 76, ¶ 5, 886 P.2d 496, 497. "When vagueness permeates the text of [a] law, it is subject to facial attack." Chicago v. Morales, 527 U.S. 41, 55, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67 (1999). "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).




"It is fundamental that statutes creating criminal offenses must be drawn in language sufficient to apprise the public of exactly what conduct is forbidden. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."




Saunders, 1994 OK CR 76, ¶ 6, 886 P.2d at 497, quoting Hayes v. Mun. Court of Oklahoma City, 1971 OK CR 274, ¶ 6, 487 P.2d at 976. A statute is not unconstitutionally vague if reasonable people would know their conduct is at risk. Allen v. City of Oklahoma City, 1998 OK CR 42, ¶ 6, 965 P.2d 387, 390.


¶19 Considering the challenged statute, we have no difficulty in concluding that 21 O.S.Supp.2010, § 1125, gives fair notice of the proscribed activity and is not void for vagueness on its face. The statute provides that:




A. A zone of safety is hereby created around elementary, junior high and high schools, permitted or licensed child care centers as defined by the Department of Human Services, playgrounds, and parks. A person is prohibited from loitering within five hundred (500) feet of any elementary, junior high or high school, permitted or licensed child care center, playground, or park if the person has been convicted of a crime that requires the person to register pursuant to the Sex Offenders Registration Act or the person has been convicted of an offense in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of Title 57 of the Oklahoma Statutes and the victim was a child under the age of thirteen (13) years.


B. A person convicted of a violation of subsection A of this section shall be guilty of a felony punishable by a fine not exceeding Two Thousand Five Hundred Dollars ($2,500.00), or by imprisonment in the county jail for a term of not more than one (1) year, or by both such fine and imprisonment. Any person convicted of a second or subsequent violation of subsection A of this section shall be punished by a fine not exceeding Two Thousand Five Hundred Dollars ($2,500.00), or by imprisonment in the custody of the Department of Corrections for a term of not less than three (3) years, or by both such fine and imprisonment. This proscription of conduct shall not modify or remove any restrictions currently applicable to the person by court order, conditions of probation or as provided by other provision of law.


C. 1. A person shall be exempt from the prohibition of this section regarding a school or a licensed or permitted child care facility only under the following circumstances and limited to a reasonable amount of time to complete such tasks:


a. the person is the custodial parent or legal guardian of a child who is an enrolled student at the school or child care facility, and


b. the person is enrolling, delivering or retrieving such child at the school or licensed or permitted child care center during regular school or facility hours or for school-sanctioned or licensed-or-permitted-child-care-center-sanctioned extracurricular activities.


Prior to entering the zone of safety for the purposes listed in this paragraph, the person shall inform school or child care center administrators of his or her status as a registered sex offender. The person shall update monthly, or as often as required by the school or center, information about the specific times the person will be within the zone of safety as established by this section.


2. This exception shall not be construed to modify or remove any restrictions applicable to the person by court order, conditions of probation, or as provided by other provision of law.


D. The provisions of subsection A of this section shall not apply to any person receiving medical treatment at a hospital or other facility certified or licensed by the State of Oklahoma to provide medical services. As used in this subsection, "medical treatment" shall not include any form of psychological, social or rehabilitative counseling services or treatment programs for sex offenders.


E. Nothing in this section shall prohibit a person, who is registered as a sex offender pursuant to the Sex Offenders Registration Act, from attending a recognized church or religious denomination for worship; provided, the person has notified the religious leader of his or her status as a registered sex offender and the person has been granted written permission by the religious leader.


F. For purpose of prosecution of any violation of this section, the provisions of Section 51.1 of this title shall not apply.




¶20 Petitioner argues that § 1125(A) does not provide fair notice of what is and what is not prohibited because the term "loitering," is ambiguous, imprecise and vague. "The clear weight of modern authority holds that legislation which makes it a crime to loiter, wander, stroll, or idle is unconstitutionally vague as failing to give fair notice of what is and what is not prohibited by their terms." Hayes, 1971 OK CR 274, ¶ 7, 487 P.2d at 976.


¶21 In Hayes, this Court struck down as unconstitutionally vague an Oklahoma City ordinance which caused it to be unlawful to loiter or wander aimlessly about the streets or parks without a lawful reason between midnight and sunrise. Hayes, 1971 OK CR 274, ¶¶ 3-11, 487 P.2d at 975-77. Because the challenged ordinance did not contain any further definition of those terms or provide guidance as to the prohibited conduct, it failed to give fair notice of what was and what was not prohibited. Id., 1971 OK CR 274, ¶ 5, 487 P.2d at 976.


¶22 In Switzer v. City of Tulsa, 1979 OK CR 73, 598 P.2d 247, this Court reiterated the holding in Hayes and found unconstitutionally vague a City of Tulsa ordinance which prohibited any person to frequent or loiter in any place where gaming or gambling is taking place. Switzer, 1979 OK CR 73, ¶¶ 2-12, 598 P.2d at 247-49. Because the terms "loiter" and "frequent" were imprecise and escaped uniform meaning, this Court determined that the ordinance inadequately delineated the class of human behavior subject to punishment. Id., 1979 OK CR 73, ¶ 12, 598 P.2d at 249.


¶23 However, we find that the constitutional infirmities identified in Hayes and Switzer are not present within the statute challenged in the present case. Although, § 1125(A) uses the term "loitering," subsections (C), (D), and (E) of the statute further delineate the proscribed conduct. Through specific and exclusive exemptions, the challenged statute clearly defines the prohibited "loitering" in negative terms. See Stice, 2012 OK CR 14, ¶ 11, 288 P.3d at 250 ("Each part of the various statutes must be given intelligent effect.").


¶24 Section 1125 does not prohibit the "loitering" that this Court recognized in Rainbolt v. State, 1953 OK CR 110, 97 Okl.Cr. 164, 166, 260 P.2d 426, 428. Instead, the statute prohibits any person required to register pursuant to the Sex Offenders Registration Act, whose victim was a child under the age of thirteen (13) years, from entering the defined zone of safety created around schools, playgrounds, parks, and child care facilities except under only very limited circumstances. See Stice, 2012 OK CR 14, ¶ 11, 288 P.3d at 250 ("[S]tatutes are to be construed according to the plain and ordinary meaning of their language.") (citation and quotation omitted). All other entries into the zone of safety by such an individual are prohibited.


¶25 Section 1125(C), allows a prohibited individual, who is a custodial parent or legal guardian of an enrolled child, to enter the zone of safety around a school or child care facility for only a reasonable amount of time to complete the task of enrolling, delivering or retrieving such child during regular hours or sanctioned extracurricular activities but only by giving prior notice to school or child care center administrators of his or her status as a registered sex offender with monthly, or as often as required by the school or center, updated information about the specific times the person will be within the zone of safety. Section 1125(D), allows a prohibited individual, who is receiving medical treatment at a hospital or other facility certified or licensed by the State of Oklahoma to provide medical services, to enter the zone of safety around a school, playground, park, or child care facility. Section 1125(E), allows a prohibited individual to enter the zone of safety around a school, playground, park, or child care facility to attend a recognized church or religious denomination of worship provided the individual has notified the religious leader of his or her status as a registered sex offender and the person has been granted written permission by the religious leader.


¶26 Through the exemptions set forth in subsections (C), (D), and (E), the statute provides additional guidance as to the proscribed conduct. What is and what is not prohibited by § 1125 plainly emerges from the exemptions. In this manner, the statute clearly defines the prohibited conduct through reference to the only conduct that is permitted. Therefore, we find that § 1125 is drawn in language sufficient to apprise the public of exactly what conduct is forbidden. Petitioner's vagueness challenge is rejected. Proposition One is denied.


¶27 In his second proposition of error, Petitioner contends that the evidence was insufficient to find him guilty.[2] Appeals of a judgment following a guilty plea are to be taken by means of a petition for writ of certiorari. Burnham v. State, 2002 OK CR 6, ¶ 6, 43 P.3d 387, 389; 22 O.S.2011, § 1051. A petitioner must first file "an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea." Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Ch. 18, App. (2015). "No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea." Rule 4.2(B), Rules of the Oklahoma Court of Criminal Appeals, Ch. 18, App. (2015). In Walker v. State, 1998 OK CR 14, ¶ 3, 953 P.2d 354, 355, this Court interpreted Rule 4.2 and stated "[w]e do not reach the merits of the first proposition, for Walker waived the issue by failing to raise it in his motion to withdraw guilty plea."


¶28 The petition for a writ of certiorari shall include "[t]he errors of law urged as having been committed during the proceedings in the trial court which were raised in the application to withdraw plea." Rule 4.3(C)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015). "The filing of the petition for writ of certiorari is jurisdictional and failure to timely file constitutes waiver of right to appeal." Rule 4.3(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015).


¶29 In the present case, Petitioner did not allege the specific claim that he now raises on appeal in either his application or his petition. Therefore, we find that he has waived appellate review of the instant issue. We do not reach the merits of his claim. Proposition Two is denied.


DECISION


¶30 Accordingly, the order of the district court denying Petitioner's Application to Withdraw plea is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015), the MANDATE is ORDERED issued upon the delivery and filing of this decision.


AN APPEAL FROM THE DISTRICT COURT OF ROGERS COUNTY
THE HONORABLE J. DWAYNE STEIDLEY, DISTRICT JUDGE


 


 



 
 

 
APPEARANCES AT TRIAL
 
APPEARANCES ON APPEAL
 
 

 
DAVID L. ASHBAUGH
 
DAVID L. ASHBAUGH
 
 

 
ATTORNEY AT LAW
 
ATTORNEY AT LAW
 
 

 
219 S. LYNN RIGGS BLVD.
 
219 S. LYNN RIGGS BLVD.
 
 

 
CLAREMORE, OK 74017
 
CLAREMORE, OK 74017
 
 

 
COUNSEL FOR DEFENDANT
 
COUNSEL FOR PETITIONER
 
 

 
 
 
 
 
 

 
JACKSON MCCLAREN
 
NO RESPONSE NECESSARY
 
 

 
BRETT CHAPMAN
 
 
 
 

 
ASSISTANT DISTRICT ATTORNEYS
 
 
 
 

 
200 S. LYNN RIGGS BLVD.
 
 
 
 

 
CLAREMORE, OK 74017
 
 
 
 

 
COUNSEL FOR THE STATE
 
 
 
 

 
 
 
 
 
 





OPINION BY: LUMPKIN, V.P.J.
SMITH, P.J.: Concur
JOHNSON, J.: Concur in Result
LEWIS, J.: Concur
HUDSON, J.: Concur





FOOTNOTES




[1] Petitioner does not forward any argument or authority to suggest that the statute was overbroad. As such, we find the issue is waived pursuant to Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015). Harmon v. State, 2011 OK CR 6, ¶ 90, 248 P.3d 918, 946.





[2] I note that the purpose of a factual basis is to provide a means by which the judge can test whether the plea is intelligently entered. See North Carolina v. Alford, 400 U.S. 25, 37-38, 91 S.Ct. 160, 167-68, 27 L.Ed.2d 162 (1970).









 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1991 OK CR 56, 811 P.2d 601, FREDERICK v. STATE
Discussed at Length
 1993 OK CR 8, 847 P.2d 368, ROMANO v. STATE
Discussed
 1994 OK CR 76, 886 P.2d 496, STATE v. SAUNDERS
Discussed at Length
 1996 OK CR 56, 929 P.2d 988, Carpenter v. State
Discussed
 1979 OK CR 73, 598 P.2d 247, SWITZER v. CITY OF TULSA
Discussed at Length
 2002 OK CR 6, 43 P.3d 387, 73 OBJ 585, BURNHAM v. STATE
Discussed
 2006 OK CR 33, 141 P.3d 564, MAXWELL v. STATE
Discussed at Length
 2006 OK CR 51, 152 P.3d 244, COX v. STATE
Discussed
 2011 OK CR 6, 248 P.3d 918, HARMON v. STATE
Discussed
 2012 OK CR 8, 281 P.3d 1283, MURPHY v. STATE
Discussed at Length
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed at Length
 1965 OK CR 104, 405 P.2d 698, BROWN v. STATE
Discussed
 1971 OK CR 274, 487 P.2d 974, HAYES v. MUNICIPAL COURT OF OKLAHOMA CITY
Discussed at Length
 1953 OK CR 110, 260 P.2d 426, 97 Okl.Cr. 164, RAINBOLT v. STATE
Discussed
 1998 OK CR 14, 953 P.2d 354, 69 OBJ 503, Walker v. State
Discussed
 1998 OK CR 42, 965 P.2d 387, 69 OBJ 2520, Allen v. Oklahoma City
Discussed
 1973 OK CR 422, 515 P.2d 252, POKE v. STATE
Discussed
 1986 OK CR 35, 715 P.2d 1341, MAYNARD v. STATE
Discussed at Length
 1987 OK CR 114, 738 P.2d 1364, STOKES v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1125, 21 1125, Zone of Safety Around Schools, Child Care Facilities, Playgrounds, and Parks - Penalties - Exemptions
Discussed at Length
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1051, Right of Appeal - Review - Corrective Jurisdiction - Procedure - Scope of Review on Certiorari
Cited