In re Habeas Corpus of William Edward TALLEY.

No. A-13512.

Court of Criminal Appeals of Oklahoma.

June 3, 1964.

Joe O. Ellis, Jr., Claremore, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

This is an original proceeding in which William Edward Talley seeks his release from confinement in the state penitentiary by writ of habeas corpus.

Petitioner alleges that he is imprisoned and restrained by the Warden of the State Penitentiary, and that the cause of his restraint is a verdict and sentence by the district court of Rogers County, Oklahoma for a term of three years. Attached to the petition is a copy of the information, and the judgment and sentence.

Petitioner further alleges that his restraint is illegal and unauthorized in that a sentence was imposed in derogation of petitioner's legal right to appeal. That petitioner was denied due process of law and his constitutional rights were violated when said district court of Rogers County failed to appoint counsel to pursue his appeal after timely and proper notice of intention to appeal had been made.

The Attorney General has filed a response in behalf of the Warden, denying that judgment and sentence was imposed upon petitioner in derogation of his legal right to appeal, and denying that said judgment and sentence was not valid in every respect.

Respondent attaches copy of the minutes of the district court of Rogers County, showing that the defendant was present and with his attorneys Jack Mayberry and Mr. Gavin for arraignment on July 17, 1963, and entered a plea of not guilty. Trial was set for October 14, 1963 and defendant allowed to stand on his bond. On October 21, 1963 attorneys Jack Mayberry and Mr. Gavin asked leave of court to withdraw, after defendant announced that he was unable to pay an attorney. The court thereupon appointed Mr. Mayberry to represent the defendant, and after conferring with the defendant, Mr. Mayberry was granted permission to withdraw as attorney, and the court then appointed Joe O. Ellis, Jr. to represent the defendant. Defendant's motion for continuance was sustained, and the case set for trial for November 5, 1963.

The case was tried on November 5–6, 1963, and the jury found the defendant guilty of the crime of Grand Larceny, after former conviction of felony, and assessed his punishment at three years in the state penitentiary.

On the date fixed, December 2, 1963, the defendant and his counsel being present, judgment and sentence was entered, the defendant gave notice of his intention to appeal, and the court granted 60–10–5 days for preparation and service of casemade.

Thereafter on March 4, 1964 the State filed a motion for commitment of defend-

ant to the State Penitentiary, as provided by the judgment and sentence, and a hearing was had thereon on March 11, 1964, the defendant being present with his attorney Joe O. Ellis, Jr. Mr. Ellis made the statement to the court that he was requested by the defendant to ask the court to grant a right to appeal, and "subsequently an attorney in Ponca City was hired and I was informed that the appeal would be made." The assistant county attorney stated that after finding that no casemade had been ordered he was advised that an attorney in Ponca City was going to order the casemade, but on the date of the hearing, no casemade had been ordered. The motion of the State was sustained, and the defendant remanded to the sheriff of Rogers County to be transported to the state penitentiary.

Judgment and sentence having been entered on December 4, 1963 by order of the court, defendant had 60 days in which to procure casemade, and had three months in which to perfect his appeal to this Court, provided that for good cause shown the trial court could have extended the time in which appeal could be taken not to exceed six months from the date of judgment and sentence.

This Court has repeatedly held that an appeal from a judgment and sentence in a criminal action may be taken as a matter of right, but the manner of taking the same is a proper matter of legislative control; that the section prescribing the manner in which an appeal can be taken is mandatory, and where the statute is not strictly followed, the Court of Criminal Appeals acquires no jurisdiction.

The record before us discloses that none of the statutory or constitutional rights of the defendant were violated; that defendant was represented by an attorney throughout his trial; that he was given time within which to appeal and no effort was made to perfect an appeal; and that the time for taking an appeal has now expired; and that petitioner is not unlaw-

fully imprisoned at this time. To be entitled to a writ of habeas corpus, one must be illegally restrained of his liberty.

Further, this Court has many times held that the writ of habeas corpus cannot be invoked for the purpose of reviewing acts of courts of record, where they act within their jurisdictions. Nor can it be envoked for the purpose of correcting irregularities or errors, or as a substitute for an appeal. In re Riddle, Okl.Cr., 292 P.2d 1043; Shelton v. State, Okl.Cr., 381 P.2d 324, and cases cited.

The Court finds that petitioner is not entitled to be discharged from imprisonment by writ of habeas corpus, and the writ is, therefore, denied.

BUSSEY and NIX, JJ., concur.