v.

**The Honorable Susie PRITCHETT, Associate District Judge, Kingfisher County District Court, The Office of Juvenile Affairs, State of Oklahoma, and The Gary E. Miller Children's Justice Center, Canadian County, State of Oklahoma, Respondents.**

**No. HC–2005–1189.**

Court of Criminal Appeals of Oklahoma.

Dec. 19, 2005.

Motion to publish granted, as corrected, April 24, 2006.

**ORDER ASSUMING ORIGINAL JURISDICTION AND DENYING PETITION REQUESTING WRIT OF HABEAS CORPUS**

¶ 1 On December 2, 2005, Petitioner, through counsel, W. Mark Hixson, filed a petition and supporting brief with the Clerk of this Court requesting a writ of habeas corpus. Petitioner complains that he is being detained under a detention order issued November 9, 2005, from the Juvenile Division of the District Court of Kingfisher County, Case No. JDL–2005–2, by Respondent, the

Honorable Susie Pritchett, Associate District Judge. Petitioner contends Judge Pritchett issued that order after the juvenile court had lost jurisdiction over Petitioner. Petitioner believes the District Court lost jurisdiction due to Petitioner having received an adult deferred sentence in another county.

## I. History of Petitioner's Matter and His Claims Before the District Courts

¶ 2 According to Petitioner and the limited record presented by him in support of his habeas petition, Petitioner is a juvenile [1] who was adjudicated a delinquent child in JDL–2005–2, on February 7, 2005, for delinquent acts committed on January 3, 2005. Petitioner was thereupon placed in the custody of the Office of Juvenile Affairs (OJA), Respondent. Thereafter, on March 3, 2005, Petitioner was certified as an adult upon juvenile petitions filed in the Juvenile Division of the Garfield County District Court. On March 8, 2005, the State filed Informations charging Petitioner in the District Court of Garfield County with those offenses upon which Petitioner had been certified.[2] Subsequently, Petitioner received deferred sentences in each of his Garfield County District Court cases.

¶ 3 Because Petitioner was certified as an adult and was given adult deferred sentences in his Garfield County cases, Petitioner argues that the Juvenile Division of the District Court of Kingfisher County lost jurisdiction over him upon its juvenile delinquency adjudications. Petitioner so concludes from provisions within the Oklahoma Juvenile Code.

¶ 4 The first Code provision upon which Petitioner relies is found within the Code's definitions of the terms "child" and "juvenile":

4. "Child" or "juvenile" means any person under eighteen (18) years of age, except for ... any individual who has been certified as an adult pursuant to Section 7303–4.3 of this title, or any individual against whom the imposition of judgment and sentence has been deferred for any crime specified in subsection A or B of

Section 7306–1.1 of this title, any individual against whom the imposition of judgment and sentence has been deferred after certification as an adult pursuant to Section 7303–4.3 of this title, or any person fifteen (15) years of age or older and charged or certified as a youthful offender pursuant to the Youthful Offender Act; provided that any person under eighteen (18) years of age who is not convicted after being charged with a crime pursuant to Section 7306–1.1 of this title, or any individual who is not convicted after certification as an adult pursuant to Section 7303–4.3 of this title, or any individual who is not convicted as a youthful offender pursuant to the Youthful Offender Act, shall continue to be subject to the jurisdiction of the juvenile court....

10 O.S.2001, § 7301–1.3(4).

¶ 5 The second Code provision relied upon by Petitioner is found within 10 O.S.Supp. 2004, § 7303–4.3. That statute sets out the procedures for regular certification of juveniles charged with non-enumerated felonies. Petitioner relies upon subsection (D) of Section 7303–4.3:

D. Any child who has been certified to stand trial as an adult pursuant to any certification procedure provided by law, or who has been tried as an adult pursuant to any reverse certification procedure provided by law, and is subsequently convicted of the alleged offense, or against whom the imposition of judgment and sentencing has been deferred, shall be tried as an adult in all subsequent criminal prosecutions, and shall not be subject to the jurisdiction of the juvenile court or be eligible to be tried as a youthful offender in any further proceedings.

10 O.S.Supp.2004, § 7303–4.3(D).

¶ 6 Petitioner asserted his current claim before both the Juvenile Division of the District Court of Kingfisher County and the District Court of Canadian County (Canadian County being the situs of Petitioner's detention facility, the Gary E. Miller Children's

---

1. Petitioner will reach his eighteenth birthday on January 23, 2006.

2. The Informations charging Petitioner in the District Court of Garfield County as an adult were filed within Case Nos. CF–2005–189 and

CF–2005–190. Petitioner does not set out the dates when the offenses charged within those Informations occurred. Moreover, the record presented does not reveal the dates of Petitioner's Garfield County offenses.

Justice Center, Respondent). Both the Juvenile Division of the District Court of Kingfisher County and the District Court of Canadian County denied Petitioner relief on November 28th and November 10th, 2005, respectively. Petitioner therefore comes before this Court seeking the extraordinary writ of habeas corpus, after having been denied relief in the district court. Rule 10.1(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2005).

## II. Decision

■ ¶ 7 The Court **FINDS** the above-cited provisions of the Juvenile Code do not support Petitioner's habeas claim. The general thrust of these provisions is to permit automatic adult prosecution of juveniles who commit further felonies after having been previously certified and convicted as adults.[3] The obvious intent being to eliminate the need for repeat certification proceedings once a juvenile has had an opportunity to go through certification proceedings, has been found deserving of treatment as an adult or youthful offender, and thereupon has been convicted as such. For the purposes of these provisions, conviction of a fifteen-year-old or older as a youthful offender is on a par with a conviction as an adult. Furthermore, the statutes treat the entry of an order deferring imposition of judgment and sentence as being the equivalent of a conviction for the purpose of these provisions.[4]

¶ 8 Nothing within the cited provisions reflects an intent to deprive juvenile courts of jurisdiction that has vested prior to a juvenile's adult conviction or deferred sentencing. Although the deferred sentencing or conviction as an adult or youthful offender is the defining event,[5] that event only affects "all *subsequent* criminal prosecutions." 10 O.S.Supp.2004, § 7303–4.3(D) (emphasis added). The cited provisions do not state this event affects existing criminal prosecutions or existing delinquency proceedings, only *subsequent* ones.

■ ¶ 9 To construe these statutes in the manner suggested by Petitioner would result in depriving children of juvenile treatment for offenses committed by them prior to any adult conviction or deferred sentencing. Construing these provisions to allow automatic adult prosecution to retroactively apply to previously committed offenses would make these provisions of questionable constitutionality. Rules of statutory construction prohibit such a result.[6]

¶ 10 In support of his claim that the juvenile court lost further jurisdiction over him due to his having received a deferred sentence as an adult, Petitioner points to the portion of Section 7303–4.3(D) that states that upon an adult conviction or an adult deferred sentencing, the individual "shall be tried as an adult in all subsequent criminal prosecutions, and shall not be subject to the jurisdiction of the juvenile court or be eligible to be tried as a youthful offender in any further proceedings." We are not persuaded that this cited portion of subsection (D) requires the result urged by Petitioner.

3. *See A.T., Jr., v. State*, 1989 OK CR 12, ¶ 6, 773 P.2d 755, 756 (where juvenile was charged with a reverse certification felony and two non-enumerated felony offenses, it was held that the State was required to follow regular certification procedures on the two non-enumerated felonies if it desired to prosecute the juvenile as an adult upon those two offenses; the Court so finding, despite circumstance that all three felonies arose out of the same transaction, because "it does not appear from the record that A.T. has previously been certified to stand trial as an adult and subsequently convicted").

4. Both of the Code provisions cited by Petitioner are modified carryovers from those juvenile delinquency statutes that preceded enactment of the current Juvenile Code and its Youthful Offender Act. *See* 10 O.S.Supp.1994, §§ 1101(1) & 1112(D) (predecessors to 10 O.S.2001, § 7301–

1.3(4), and 10 O.S.Supp.2004, § 7303–4.3(D), respectively). We look to these earlier provisions in discerning the intent of the current statutes.

5. Section 7303–1.3(4) makes it clear that children who do not end up being convicted as an adult or youthful offender "shall continue to be subject to the jurisdiction of the juvenile court."

6. *Woodward v. Morrissey*, 1999 OK CR 43, ¶ 6, 991 P.2d 1042, 1044 ("It is the duty of the courts, whenever possible, to harmonize the acts of the legislature with the Constitution."); *White v. Coleman*, 1970 OK CR 133, ¶ 6, 475 P.2d 404, 405 ("It is fundamental in statutory construction to presume that the legislature intended to act within its powers and that a statute must be so construed when reasonably possible so as to uphold its constitutionality.").

¶ 11 As with the rest of subsection (D), the last-quoted portion of that subsection is addressed to persons under eighteen that have been convicted as adults. Once convicted, such persons will be prosecuted as adults should they reoffend. The intent of the quoted portion of subsection (D) is to preclude the juvenile that has been convicted as an adult from ever applying for reverse certification as a juvenile or youthful offender for offenses committed subsequent to his adult conviction. We do not find subsection (D) was ever intended to deprive a juvenile court of its ability to exercise jurisdiction over a juvenile where such jurisdiction was acquired prior to any adult conviction or deferred sentencing.

¶ 12 "To be entitled to a writ of habeas corpus, one must be illegally restrained of his liberty." *In re Talley,* 1964 OK CR 60, ¶ 11, 392 P.2d 762, 764. "Its office is performed when it requires the release of a person detained in custody without authority of law." *In re Pettyjohn,* 1961 OK CR 23, ¶ 3, 359 P.2d 739. As Petitioner has not shown that the Juvenile Division of the District Court of Kingfisher County holds custody of Petitioner without lawful authority, he has not shown himself entitled to a writ of habeas corpus or other extraordinary relief.

¶ 13 **IT IS THEREFORE THE ORDER OF THIS COURT** that original jurisdiction is **ASSUMED,** and the habeas petition is **DENIED.**

¶ 14 **IT IS SO ORDERED.**

¶ 15 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 19th day of December, 2005.

/s/
CHARLES S. CHAPEL, Presiding Judge

/s/
GARY L. LUMPKIN, Vice Presiding Judge

/s/
CHARLES A. JOHNSON, Judge

/s/
ARLENE JOHNSON, Judge

/s/
DAVID B. LEWIS, Judge