M.C.T. v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:M.C.T. v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 M.C.T. v. STATE
2020 OK CR 3
Case Number: J-2019-618
Decided: 02/06/2020
M.C.T., Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2020 OK CR 3, __ __

 



 





SUMMARY OPINION







KUEHN, VICE PRESIDING JUDGE:



¶1 M.C.T. appeals the decision of the Honorable Scott Brockman, Special Judge, in Cleveland County District Court Case No. CF-2019-470 certifying him for trial as an adult for the crimes of Assault and Battery with a Deadly Weapon and Unlawful Use of a Computer. Pursuant to Rule 11.2(A)(1), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2020), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument December 5, 2019, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.


¶2 The appeal turns on statutory interpretation and therefore the district court's decision is reviewed de novo. Smith v. State, 2007 OK CR 16, ¶ 40. 157 P.3d 1155, 1169.


¶3 Appellant committed crimes in Oklahoma County before he committed the crimes in the instant case. The Oklahoma County prosecution concluded while the prosecution in this case remained ongoing. The district court, noting that Appellant had previously stipulated to adult status and pled guilty as an adult in Oklahoma County, found Appellant to be an adult by operation of law.


¶4 In his sole proposition of error, Appellant contends that because he committed the crimes in the instant case prior to his adjudication as an adult in Oklahoma County, it was error to find him an adult in the instant case without first holding a certification hearing. We disagree and affirm the decision of the district court.


¶5 The district court based its determination to certify Appellant as an adult on 10A O.S.2018 § 2--5--204(H)(1) which states:

H. A child or youthful offender shall be tried as an adult in all subsequent criminal prosecutions, and shall not be subject to the jurisdiction of the juvenile court as a juvenile delinquent or youthful offender processes in any future proceedings if:

1. The child or youthful offender has been certified to stand trial as an adult pursuant to any certification procedure provided by law and is subsequently convicted of the alleged offense or against whom the imposition of judgement and sentence has been deferred[.]


¶6 Appellant relies on D.J.B. v. Pritchett, 2005 OK CR 31, 134 P.3d 147, to support his position. In D.J.B., petitioner was adjudicated a delinquent child and placed in the custody of the Office of Juvenile Affairs (OJA) by the district court of Kingfisher County. Subsequently, he was certified as an adult by the district court of Garfield County and placed on a deferred sentence. Petitioner sought a writ of habeas corpus claiming Garfield County's certification of him as an adult divested Kingfisher County of jurisdiction to retain him in the custody of OJA. This Court disagreed. Interpreting similar language from an earlier version of what is now Section 2--2--403(C) of Title 10A, we noted: "The general thrust of these provisions is to permit automatic adult prosecution of juveniles who commit further felonies after having been previously certified and convicted as adults." D.J.B., 2005 OK CR 31, ¶ 7, 134 P.3d at 149. D.J.B. was narrowly tailored to the specific facts before the Court. It is thus distinguishable and inapplicable here.


¶7 Appellant stipulated to adult status and then pleaded guilty as an adult in the Oklahoma County case before the certification proceeding in Cleveland County. That is sufficient for us to find the Cleveland County proceeding to be a "subsequent criminal prosecution" for purposes of Section 2--5--204(H)(1).


¶8 The plain language and intent of the statute is clear. Upon being adjudicated as an adult, the child or youthful offender maintains adult status in subsequent criminal prosecutions. Once a defendant is adjudicated as an adult, OJA loses jurisdiction and the defendant loses status as a child or youthful offender.


¶9 Appellant's agreed adult sentence in Oklahoma County is a "certification procedure provided by law" and, upon conviction for that offense, he maintained adult status. 10A O.S.2018 § 2--5--204(H)(1). Not only does the statute provide that Appellant maintain his adult status in subsequent proceedings, it also provides that Appellant is not to be adjudicated as a juvenile nor youthful offender again. The district court's certification of Appellant as an adult is therefore correct.


DECISION


¶10 The certification of Appellant in Cleveland County District Court Case No. CF-2019-470 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon the filing of this decision.


AN APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY
THE HONORABLE SCOTT BROCKMAN, SPECIAL JUDGE



 
 

 

 
APPEARANCES AT TRIAL

 
M.KARLA TANKUT
 JASMINE JOHNSON
 INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR DEFENDANT
 
 

 
APPEARANCES ON APPEAL

 
DANNY JOSEPH
 INDIGENT DEFENSE SYSTEM
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 

 

 
KRISTI JOHNSON
 ASST. DISTRICT ATTORNEY
 201 SOUTH JONES
 NORMAN, OK 73069
 COUNSEL FOR STATE
 
 

 
SUANNE CARLSON
 ASST. DISTRICT ATTORNEY
 201 SOUTH JONES
 NORMAN, OK 73069
 COUNSEL FOR APPELLEE
 
 
 



 




OPINION BY: KUEHN, V.P.J.


LEWIS, P.J.: SPECIALLY CONCUR
LUMPKIN, J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR




 



 






LEWIS, PRESIDING JUDGE, SPECIALLY CONCUR:



¶1 I commend my colleague on a well written opinion. I write separately to address trial counsel's conduct. This Appellant had separate cases in two different counties being adjudicated at the same time. Apparently, counsel for Appellant did not fully appreciate the consequences of entering a plea as an adult offender in the Oklahoma County case while the Cleveland County case was still pending. Counsel's conduct, however, did not affect the outcome of Appellant's cases as he is obviously not an appropriate candidate for youthful offender status.


¶2 The holding of a youthful offender certification hearing in the Cleveland County case after he had already been convicted as an adult in Oklahoma County, regardless of the timing of the commission of the offences, would be a waste of judicial resources. Moreover, D.J.B. v. Pritchett, is clearly distinguishable, as pointed out in the opinion. I, therefore, specially concur.









 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2005 OK CR 31, 134 P.3d 147, D.J.B. v. PRITCHETT
Discussed at Length
 2007 OK CR 16, 157 P.3d 1155, SMITH v. STATE
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA