**Vent JEFFRIES, Petitioner,**

v.

**MUNICIPAL COURT OF the CITY OF TULSA, Oklahoma, and the Honorable Laurence A. Yeagley, Judge, Respondents.**

**No. C–75–88.**

Court of Criminal Appeals of Oklahoma.

June 11, 1975.

Charles A. Whitebook, Frank R. Hickman, Tulsa, for petitioner.

Waldo F. Bales, City Atty., Stephen M. Booth, Asst. City Prosecutor, Tulsa, for respondents.

## OPINION

BLISS, Judge:

Petitioner, Vent Jeffries, hereinafter referred to as defendant, was charged with a

violation of an ordinance of the City of Tulsa, Title 37, § 275(a), in the Municipal Court of the City of Tulsa in Case No. 172097 for Driving While Under the Influence of Intoxicating Liquor. Thereafter defendant entered a plea of guilty and sentencing was deferred for a period of one year during which time defendant was to comply with specified rules and conditions. Subsequently, defendant was sentenced to pay a fine of Two Hundred and Fifty ($250.00) dollars and to serve ten (10) days' imprisonment in the City jail. Thereafter defendant made application to withdraw his plea of guilty and said application was denied. From said judgment and sentence, defendant has petitioned this Court for a Writ of Certiorari.

The defendant submits to this Court four assignments of error. Without reaching these assignments, we find the case must be reversed for the following reasons.

In the instant case on February 10, 1974, defendant entered a plea of guilty to the trial court. The trial court deferred sentencing for one year, as stated above. The principle upon which this action of the trial court is based is evidenced in the record of the hearing on the application to withdraw the plea of guilty wherein it states:

"THE COURT: . . . On February 10, there was not conducted at that time a revocation or acceleration hearing. It was but merely the date which had been set for the imposition of sentence.

"Section 991(a) [991a] of Title 22, demonstrating sentence and powers of the Court, the Court would necessarily imply in this particular matter that if the Court has the power of sentence and the power to sentence an individual, the Court necessarily and impliedly has the power to choose the date on which the particular sentence will be imposed.

"I readily agree that the Court cannot defer the date of sentencing for such a period of time so as to leave the defendant open to the possibility of a greater and increased sentence for an extended period of time, but the defendant full well and knowing in this matter that his sentencing date would be deferred for a period of one year upon certain conditions which this Court considers to be extremely minimal, the Court feels that the defendant had agreed to the deferred sentencing date in this particular matter and impliedly and also actually by his signature and his acknowledgment and his tender of plea of guilty pursuant to the understanding that sentencing would be passed one year, the Court feels under the implied power to defer sentencing to a specific date, the Court has properly done in this particular matter, not under Sections 991(c) or (b) [991c or 991b], as advanced by counsel, but under the implied power of sentencing, which may or may not be contained in 991(a) [991a]. 991(a) [991a] does not explicitly say that, but I contend it is implied in that provision.

"This Court at this time feels also to the matter of consistency, as counsel is well aware, this particular offense may carry up to ninety days in jail and up to $300 in fines.

"The treatment of the individual and his responsibility as demonstrated during this period of time and his adherence to the minimal rules is what the Court takes into consideration on the imposition of that sentencing.

"The Court, in this particular matter, has assessed the recommended fine of $250, has not upped that fine in any respect, and the Court has, in this particular matter, imposed a minimum mandatory sentence as provided by the statute.

"In this case the Court could impose, of course, up to ninety days in jail. And I don't think counsel would object to the fact that we do have that power.

"And I will, in this case—in this particular case the defendant, in my mind, is not deserving of the imposition of the maximum.

"I felt that due to the fact that he has refrained from any violations and essentially complied with the conditions of the —to be met during the deferred sentence period, the Court feels nothing need be imposed but the minimum ten days implied by law." (Tr. 41–44).

 The issue we feel must be resolved is whether or not the trial court has such authority to defer or postpone sentencing in the instant case for a period of one (1) year when the maximum penalty which could have been imposed was a ninety (90) day imprisonment and a fine of not more than Three Hundred ($300.00) dollars.

The trial court expresses the view that the deferral of defendant's sentence in the instant case was an exercise of its inherent power of sentencing, and possibly implied from 22 O.S.1971, § 991a.

We feel such an action by a municipal criminal court of record must be founded in either statute, ordinance or within the court's general powers.

We find no mention in the record that the City of Tulsa has any ordinance providing authority for such sentence deferral. We must thus assume that the action in the instant case was not performed on the basis of any ordinance and this is consistent with the quoted statement of the trial court.

 Consequently, a determination must be made as to whether or not any powers from 22 O.S.1971, § 991a, 991b or 991c, are available to the municipal criminal courts of record. We note that municipal courts are generally courts of limited jurisdiction and that basically ordinances provide all authority which said courts possess. See, Article 7, § 1, Oklahoma State Constitution. The procedure governing trials in the municipal criminal courts of record is found in 11 O.S.1971, § 792, wherein it states:

"All *trials* had in the municipal criminal court of record except as otherwise specifically provided, shall be in accordance with the provisions of the criminal code

of procedure, relating to trials of misdemeanor cases in the district court." (Emphasis ours)

Thus, a trial in the municipal court of record is governed by the State statutes of criminal procedure. The reason that the specific statutes relating to pronouncing judgment and sentence do not apply to said court is that the word "trial" has been generally construed to mean the period commencing with the empaneling of the jury and terminating with the reception of the verdict or plea of guilty. See, Arnold v. State, 48 Okl.Cr. 452, 132 P. 1123 (1913) and Reed v. State, 147 Ind. 41, 46 N.E. 135, 136 (1897). Thus, the provisions of 22 O.S.1971, § 991a, 991b or 991c, deal only with the trial court's action after reception of the verdict, or plea of guilty and, therefore, such provisions are inapplicable to municipal criminal courts of record because of the limiting language in 11 O.S.1971, § 792, supra.

We next consider the view as expressed by the trial court that such deferral or passing the time for imposition of sentence is within the inherent power of the court. We cannot agree. Had the legislature deemed such power to be inherent, we feel by comparison that the District Court would not be governed by such a sentencing statute as 22 O.S.1971, § 991a, 991b or 991c.

Finding no basis for sentence deferral in either statute, ordinance, or inherent powers of the municipal criminal courts of record, we next examine the substance of the trial court's actions. The issue must be whether or not it was reasonable to pass the case for imposition of sentence for a period of one year.

The statutes governing judgment and execution of sentence are set forth in 22 O.S.1971, § 961 et seq. Generally, the code of criminal procedure provides that after reception of the verdict or plea of guilty the court must appoint a time for pronouncing judgment. In the instant case, the trial court postponed the date for pronouncing judgment and sentence to a date

certain. We agree that this must be done as this is analogous to the procedure which must be followed by the District Courts. We note that such statutes are not applicable to municipal criminal courts of record in the disposition of cases involving violations of city ordinances because such statutes are only applicable after the technical termination of the trial. However, we do feel that some guidance may be gained by referral to such statutes and an examination of the cases construing said statutes. Generally, the cases have held that a postponement of pronouncing judgment and sentence is only proper when done incident to the administration of justice or for other proper cause.

 We do not feel that the passing of sentencing in the instant case was for proper cause nor incident to the administration of justice. The trial court here has attempted to do indirectly that which it is not authorized to do directly. In postponing the date of pronouncing judgment and sentence, the trial court dictated rules and conditions that the defendant must follow during the period of postponement. Such a device is unique but without authorization. This device is not analogous to the power of sentence deferral given to District Courts because on the date of pronouncing judgment and sentence the defendant was not to be discharged. However, we feel the action of the court is more analogous to that of suspending sentence and placing the defendant on probation of one year. The trial court's actions are repugnant to the restrictions the legislature has placed upon municipal criminal courts of record. This is illustrated in the language of 11 O.S.1971, § 794, wherein it states:

"(b) The judge of the municipal criminal court of record imposing a judgment and sentence, at his discretion, is empowered to modify, reduce, or suspend such sentence or any part thereof and to authorize probation for a period not to exceed ninety (90) days from the date of sentence, under such terms or conditions as the judge may specify."

Thus, this statute provides the only power the judge in a municipal criminal court of record has in the execution of sentence. In the instant case the trial judge has exceeded his authority in postponing judgment and sentence for an unreasonable time.

We further note that due to the expiration of time exceeding the maximum period which may have been assessed as a penalty for violation of the ordinance, ninety days, and that period which the judge of the municipal criminal court of record could have placed the defendant on probation, we conclude the municipal criminal court of record has lost jurisdiction over the defendant. We note, in passing, that the municipal corporation of Tulsa has the power to enact an ordinance providing for a sentence deferral similar to that in 22 O.S.1971, § 991c.

We find for the above stated reasons that this case should be reversed with instructions to dismiss.