William Thomas ELLISON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. C–83–685.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1985.

Jim Fransein, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Judge:

Appellant, William Thomas Ellison, pled nolo contendere and waived jury trial in Tulsa County District Court Case No. CRF–82–3958 to the crime of Lewd Molestation of a Minor, 21 O.S.1981, § 1123. He was sentenced to three (3) years' imprisonment.

Appellant, age 33, and his wife frequently took care of the nine-year-old victim, and her seven-year-old sister. The Ellisons were personal friends of the girl's mother and father who were divorced. On the day of the offense the girls went to appellant's house after school where they stayed until time for them to go to karate classes at 6:00 p.m. Appellant went into his son's

bedroom with the female child and during a thirty minute period of time he fondled her, masturbated and had her assist him masturbating. His wife was in the house and the sound of her presence in the hallway was the reason he stopped. Mrs. Ellison, however, was not a witness to the molestation. The child's mother discovered the crime when her younger sister had abrasions in the area of her vagina which required treatment and upon further inquiry the facts of this offense came out.

Appellant retained counsel to represent him. After the preliminary hearing appellant pled nolo contendere and waived jury trial. The court made a detailed record of the plea including warnings by the court that the impact of the nolo contendere plea is equivalent of a guilty plea in all respects. The judge made it very clear to appellant there was a definite possibility he would go to prison. Appellant held to his decision; a presentence investigation was ordered and sentencing was set for five weeks hence. After four months and several continuances granted at appellant's request, appellant, through a new attorney filed an application to withdraw his plea and waiver of jury trial. The application was denied.

Appellant relies on a single proposition of error. He claims he entered his plea on the advice of his privately retained attorney and he would not have followed that advice if he had understood what nolo contendere meant. He also contends he had a defense to present to the jury. In appellant's brief he admits: "[he] claims no error on the part of the District Court concerning the waiver and sentence as the Court followed the guidelines of all decisions in sentencing." The only evidence offered at the hearing was testimony of appellant's wife, his personal friends and a psychologist. The wife and friends testified to the advice the first attorney gave appellant. He did not call his former attorney as a witness.

Even assuming the first attorney would have corroborated the evidence given, there was nothing to support appellant's contentions. The advice given was of a practical

as well as a legal nature. Appellant claims some of the advice was contrary to what the judge said but he did not call it to the court's attention. He does not give an adequate explanation for choosing to stay with his decision to follow the attorney's recommendation.

Contrary to the claim in appellant's brief there was no newly discovered evidence in the record. The claim there was a defense to the case consists only of character witnesses and a psychologist's report that was nothing more than a professional equivalent of a character witness. The probative value of this testimony is of only nominal value.

 In *Darnell v. State,* 623 P.2d 617 (Okl.Cr.1981) and *Elmore v. State,* 624 P.2d 78 (Okl.Cr.1981) we reaffirmed our holding that it is a matter of judicial discretion to permit the withdrawal of a guilty plea. We do not find an abuse of discretion in this case. The trial judge is to be commended for making it clear to appellant that a nolo contendere plea is the functional equivalent of a guilty plea.

 The State has raised two issues in its brief in addition to responding to appellant's assignment. When appellant originally tendered his appeal it was refused by the Clerk of the Court of Criminal Appeals because it was patently out of time although by only a few days. Appellant then filed an application for post-conviction relief, 22 O.S.1981, § 1080, et seq., which was granted. The judgment and sentence was reentered starting the appeal time running again. Although no authority is cited, the State claims this appeal should be dismissed on this procedural issue. The State objects to the use of the post-conviction procedure act to cure technical defaults in the regular appeal process. We find this is a permissible application of the act and are confident the district judges of this state will not abuse their discretion in this regard. The trial court gave the state an opportunity to object and the assistant district attorney replied: "I have no objection as long as we are clear that the purpose of the procedure of resentencing the defend-

ant is merely to preserve his appeal right." This issue was therefore waived.

Finding no abuse of discretion in the trial court's refusal to allow appellant to withdraw his plea of nolo contendere and waiver of jury trial, the judgment and sentence is AFFIRMED and CERTIORARI DENIED.

PARKS, P.J., and BUSSEY, J., concur.