Michael A. HOUGHTON, Appellant,

v.

CITY OF WEWOKA,
Oklahoma, Appellee.

No. M–86–864.

Court of Criminal Appeals of Oklahoma.

April 21, 1988.

George W. Butner, Butner & Butner, Inc., Wewoka, for appellant.

G. Dale Elsener, Wewoka City Atty., Wewoka, for appellee.

## OPINION

PARKS, Judge:

Appellant was convicted of Operating a Motor Vehicle In a Manner Not Reasonable and Proper in violation of the Wewoka City Code, in Case No. T–85–717, in the Municipal Court of the City of Wewoka, Oklahoma, in a non-jury trial held on January 10, 1986, before the Honorable John E. Lively, Municipal Judge. He was fined $40.00.

Appellant filed an appeal bond with the intention of appealing the municipal court's ruling to the Seminole County District Court. *See* 11 O.S.1981, § 27–129. On January 23, 1986, appellant's appeal bond was refunded, and he was advised that the municipal court judgment would stand because he failed to give notice of intent to appeal within ten (10) days. *See* 11 O.S. 1981, § 27–129(A). On February 7, 1986,

appellant's attorney filed a motion for resentencing to enable him to pursue his district court appeal. On April 21, 1986, after a hearing, the municipal judge vacated the original judgment and sentence over the objection of appellee, and resentenced appellant. On April 24, 1986, appellant filed notice of intent to appeal with the Wewoka Municipal Court in Case No. T–85–717, and the Seminole County District Court in Case No. CRM–86–403. On May 12, 1986, appellee filed a motion to dismiss the district court appeal on the ground that appellant failed to timely perfect it, and that the municipal court had no jurisdiction to resentence appellant in order to begin his appeal time anew. On August 7, 1986, the Honorable Lee Stilwell, Special District Judge, sustained the appellee's motion to dismiss, from which appellant appeals.

In his sole assignment of error, appellant claims that the district court erred in dismissing his appeal to the district court from the municipal court. Initially, we note that this appeal is governed by the provisions of 11 O.S.1981, §§ 27–129, 132, relating to appeals from municipal courts not of record. Appellant cites *Ellison v. State*, 709 P.2d 1064, 1066 (Okla.Crim.App. 1985), wherein we held that a district judge may grant a post-conviction application under 22 O.S.1981, §§ 1080–88, to reenter a judgment and sentence to start the appeal time running again. Under *Ellison*, this Court held that the Post–Conviction Procedure Act may be used "to cure technical defaults in the regular appeal process." *Id.*

■ The question of first impression presented is whether a similar procedure may be utilized by a municipal court not of record to cure technical defaults in the regular appeal process by way of a *trial de novo* to the district court under 11 O.S. 1981, § 27–129. We answer in the affirmative.

■ Title 11 O.S.1981, § 27–113 provides that the "code of procedure in the municipal court, except as may be otherwise provided herein, shall be the same as is now provided by law for the trial of misdemeanors." The Post–Conviction Procedure Act

is available to "[a]ny person who has been convicted of, or sentenced for, a crime...." 22 O.S.1981, § 1080. The Act does not distinguish between felonies or misdemeanors but, by its terms, applies to all crimes. *Id.* The violation of the municipal ordinance in this case, which resulted in appellant being fined, is the equivalent of a criminal misdemeanor under 21 O.S.1981, §§ 3, 4 & 6. Appellee cites *Jeffries v. City of Tulsa*, 536 P.2d 1313, 1316 (Okla.Crim. App.1975), which held that deferring sentencing for one (1) year under the provisions of 22 O.S.1971, § 991a was improper in a criminal court of record, because the municipal judge was only authorized to suspend a judgment and sentence for a period not to exceed ninety (90) days under 11 O.S.1971, § 794(b).[1] We believe that *Jeffries* is distinguishable from the present situation, and does not preclude a municipal judge from reentering a judgment and sentence to allow the appeal time to begin anew.

 Appellee further contends that appellant did not properly file a verified application for post-conviction relief, and therefore the municipal court's reentry of judgment and sentence was improper. "In considering a post-conviction application, the court shall take account of substance, regardless of defects of form." 22 O.S.1981, § 1083(a). Accordingly, we believe the municipal court would have been correct in treating appellant's motion for resentencing as a post-conviction application for an appeal out of time. *See Smith v. State*, 611 P.2d 276, 277 (Okla.Crim.App.1980). In any event, this Court has previously recognized that "[i]n some instances it may be appropriate for the District Court to simply vacate the original judgment and sentence and impose a new judgment and sentence, so that the appeal time will begin to run anew." *Id.* at 277 n. 1. We see no reason why a municipal judge cannot utilize the same procedure, and we cannot say the municipal judge abused his discretion in vacating the original judgment and sentence here.

Accordingly, the district court's dismissal order is REVERSED and this cause is REMANDED for further proceedings consistent with this opinion.

BRETT, P.J., and BUSSEY, J., concur.

1. The holding in *Jeffries* has been modified by the recent enactment of 11 O.S.Supp.1987, § 27–122.1(B) & (C), authorizing a municipal judge to defer sentencing for a period not to exceed six (6) months.