APPEARANCES IN DISTRICT COURT: KAREN E. BYARS, 320 NORTH BROADWAY, SHAWNEE, OK 74801, COUNSEL FOR THE DEFENSE.
RICHARD L. SMOTHERMON, DISTRICT ATTORNEY, ABBY NATION, ASSISTANT DISTRICT ATTORNEY, POTTAWATOMIE CO. COURTHOUSE, 331 NORTH BROADWAY, SHAWNEE, OK 74801, COUNSEL FOR THE STATE.
APPEARANCES ON APPEAL: ROBERT W. JACKSON, P.O. BOX 926, NORMAN, OK 73070, COUNSEL FOR PETITIONER.
NO RESPONSE NECESSARY
SUMMARY OPINION GRANTING CERTIORARI AND REMANDING FOR EVIDENTIARY HEARING
LUMPKIN, PRESIDING JUDGE:
¶1 Petitioner Desmond Deanthony Anderson entered blind pleas of guilty in the District Court of Pottawatomie County, Case No. CF-2016-521, to Trafficking in Illegal Drugs, (Count I) ( 63 O.S.Supp.2015, § 2-415 ) and Possession of a Controlled Dangerous Substance with Intent to Distribute (Count II) ( 63 O.S.Supp.2012, § 2-401(A)(1) ), both counts After Former Conviction of Two or More Felonies. The Honorable John G. Canavan, Jr., District Judge, accepted Petitioner's pleas and sentenced him to twenty (20) years imprisonment in each count plus a $25,000.00 fine in Count I. Judge Canavan ordered credit for time served, suspended the fine in Count I, imposed various fees and costs for both counts, and ordered the sentences to be served concurrently. Petitioner, represented by counsel, timely filed a Motion to Withdraw Plea which was summarily denied. Petitioner appeals the denial of his motion, and raises the following propositions of error:
I. The trial court erred in failing to hold a hearing on the motion to withdraw the pleas;
II. Petitioner failed to receive the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution and Article II, Section 20 of the Oklahoma Constitution.
¶2 After thorough consideration of these propositions and the entire record before us on appeal, we have determined that certiorari should be granted and the case should be *767 remanded to the district court for an evidentiary hearing with respect to the motion to withdraw guilty plea.
¶3 The requirements for certiorari appeals are set forth in Rule 4.2(A) and (B), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch. 18, App. (2018). Rule 4.2(B) states that the "trial court shall hold an evidentiary hearing and rule on the application [to withdraw plea] within thirty (30) days from the date it was filed." Pursuant to the rules of statutory construction, the use of the term "shall" in a statute usually indicates a mandatory duty. See Kingdomware Technologies, Inc. v. United States, 579 U.S. ----, ----, 136 S.Ct. 1969, 1977, 195 L.Ed.2d 334 (2016) ("[u]nlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement"); United States v. Gabaldon, 522 F.3d 1121, 1125 (10th Cir. 2008) ("[t]he word 'shall' indicates a mandatory duty"); Jordan v. State , 1988 OK CR 227, ¶ 4, 763 P.2d 130, 131 ("it is a rule of statutory construction that the term 'shall' is mandatory"). We interpret our court rules under the same principles. By the use of the term "shall", this Court has made the evidentiary hearing on the motion to withdraw plea mandatory upon the filing of an application to withdraw plea, and not discretionary or conditional upon a request of the defendant. The application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing the appeal rights as provided by Rule 4.1. Randall v. State , 1993 OK CR 47, ¶ 5, 861 P.2d 314, 316. The use of "shall" in Rule 4.2(B) is unambiguously a mandatory directive.
¶4 This Court reviews a trial court's decision to deny the withdrawal of a guilty plea for an abuse of discretion. Weeks v. State , 2015 OK CR 16, ¶ 16, 362 P.3d 650, 654 ; Lewis v. State, 2009 OK CR 30, ¶ 5, 220 P.3d 1140, 1142 ; Carpenter v. State , 1996 OK CR 56, ¶ 40, 929 P.2d 988, 998. Inherent in this type of appeal is a review of the trial court's actions taken as a result of the defendant's motion to withdraw his plea. Whitaker v. State , 2015 OK CR 1, ¶ 10, 341 P.3d 87, 90. If a matter is not presented to the trial court, there is nothing for this Court to review. Id. If the trial court does not hold the requisite hearing, there is nothing upon which this Court can base a ruling regarding whether the trial court did or did not abuse its discretion in denying the application to withdraw. Without evidence presented in a hearing, any review by this Court would be de novo , which we do not do.
¶5 Further, a waiver of the right to the mandatory evidentiary hearing by trial counsel is ipso facto an act of ineffective assistance of counsel under Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as counsel has deprived the defendant of the record required for this Court to review the voluntariness of the guilty plea.
¶6 In the present case, in the absence of an evidentiary hearing on the motion to withdraw plea, this Court is unable to review the trial court's denial of Petitioner's motion. Therefore, the petition for Writ of Certiorari is granted, and the case is remanded to the District Court of Pottawatomie County for a hearing on Petitioner's motion to withdraw his pleas in accordance with the provisions of Rule 4.1, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch. 18, App. (2018).
¶7 This resolution renders moot Petitioner's claims in Proposition II and the Application for Evidentiary Hearing on Sixth Amendment Grounds filed contemporaneously with the petition for Writ of Certiorari.
DECISION
¶8 The Petition for a Writ of Certiorari is GRANTED . The case is REMANDED TO THE DISTRICT COURT FOR AN EVIDENTIARY HEARING ON THE APPLICATION TO WITHDRAW PLEA. THE APPLICATION FOR EVIDENTIARY HEARING ON SIXTH AMENDMENT GROUNDS is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
LEWIS, V.P.J.: Concur
HUDSON, J.: Dissenting
KUEHN, J.: Concur
ROWLAND, J.: Concur