CHAMPION v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CHAMPION v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CHAMPION v. STATE
2020 OK CR 8
461 P.3d 952
Case Number: C-2019-414
Decided: 03/19/2020
VICTOR CHAMPION, Petitioner v. THE STATE OF OKLAHOMA, Respondent.
Cite as: 2020 OK CR 8, 461 P.3d 952

 

 

OPINION

LEWIS, PRESIDING JUDGE:

¶1 Victor Champion, Petitioner, pled guilty to Count 1, first degree rape by instrumentation, in violation of 21 O.S.2011, § 1114(A)(6); Count 2, financial abuse or exploitation of a vulnerable adult, in violation of 21 O.S.2011, § 843.3(A); and Count 3, sexual battery, in violation of 21 O.S.Supp.2018, § 1123(B), in the District Court of Tulsa County, Case No. CF-2019-475. The Honorable Kelly Greenough, District Judge, found Petitioner guilty and sentenced him to concurrent terms of five (5) years imprisonment and a $600.00 fine in Count 1, two (2) years imprisonment and a $600.00 fine in Count 2, and five (5) years imprisonment and a $600.00 fine in Count 3, all suspended.

¶2 Petitioner filed a timely motion to withdraw the plea. He now seeks the writ of certiorari from the trial court's denial of his motion to withdraw the plea, in the following propositions of error:

1. The lack of factual basis renders a plea involuntary because the record does not show that there was a factual basis for the charges of rape by instrumentation or sexual battery. Therefore, it was plain error to refuse to let Mr. Champion withdraw his plea;

2. The trial court did not have authority to reinstate a guilty plea. Therefore, the order denying the motion to withdraw plea was a nullity;

3. The trial court did not hold the motion to withdraw hearing within 30 days. Therefore the trial court lost jurisdiction to hear the motion to withdraw plea;

4. A plea that is not knowingly made is not a valid plea. Therefore, it was plain error for the trial judge to not allow Mr. Champion to withdraw his plea;

5. Petitioner was denied the effective assistance of counsel both at the plea hearing and at the plea withdrawal hearing;

6. The accumulation of error in this case deprived petitioner of the due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, § 7 of the Oklahoma Constitution.

¶3 We review the trial court's ruling on a motion to withdraw a plea for an abuse of discretion, Carpenter v. State, 1996 OK CR 56, ¶ 40, 929 P.2d 988, 998; unless it involves a question of statutory or constitutional interpretation, which we review de novo. Weeks v. State, 2015 OK CR 16, ¶ 16, 362 P.3d 650, 654. Neither Petitioner's dissatisfaction with the sentence, nor an inaccurate prediction by counsel of the likely sentence to be imposed on a blind plea, is a sufficient ground for withdrawal of a plea. Lozoya v. State, 1996 OK CR 55, ¶ 44, 932 P.2d 22, 34; Estell v. State, 1988 OK CR 287, ¶ 7, 766 P.2d 1380, 1383.

¶4 In Proposition One, Petitioner challenges the sufficiency of the factual basis for his plea. Petitioner concedes he raised no such claim in his motion to withdraw the plea, forfeiting appellate review of this issue. Rule 4.2 (B), Rules of the Oklahoma Court of Criminal Appeals, Title 22 O.S., Ch. 18, App. (2020)(no matter may be raised in petition for certiorari unless raised in the application to withdraw the plea); Weeks, 2015 OK CR 16, ¶ 27, 362 P.3d at 657. He argues that the trial court's failure to require a factual basis was plain error, and that plea and withdrawal counsel were ineffective in failing to raise the issue.

¶5 Review of such forfeited claims in a certiorari appeal is "even more limited" than review for plain error on direct appeal. Cox v. State, 2006 OK CR 51, ¶ 4, 152 P.3d 244, 247, overruled on other grounds by State v. Vincent, 2016 OK CR 7, 371 P.3d 1127. Given the procedural posture of this claim, our inquiry is limited to whether the guilty plea was made knowingly and voluntarily, and whether the court had jurisdiction to accept the plea. Id. A valid plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Appellant's admissions in open court and the existing record are sufficient to show that his plea of guilty was voluntary and intelligent given the courses of action open to him. Proposition One is therefore denied.

¶6 In Proposition Two, Petitioner claims the trial court's decision to set aside its original minute order granting his motion to withdraw the plea, and set the motion for evidentiary hearing, amounted to a forced reinstatement of his guilty plea.[1] He reasons that because the evidentiary hearing required by Rule 4.2(B) is solely for the benefit of the Petitioner and the Court in a proceeding where the State has no appeal rights, the State's objection to the lack of a hearing was an insufficient reason to set aside the court's original order.

¶7 Petitioner misunderstands the scope and purpose of the required evidentiary hearing. The Court rejected his view of Rule 4.2(B) in Anderson v. State, 2018 OK CR 13, ¶ 3, 422 P.3d 765, 767:

[Rule 4.2(B)] has made the evidentiary hearing on the motion to withdraw plea mandatory upon the filing of an application to withdraw plea, and not discretionary or conditional upon a request of the defendant.

Contrary to Petitioner's argument, the State is an interested party in a certiorari appeal from a plea of guilty, and as such, it has a basic right to be heard at the evidentiary hearing on a defendant's request to withdraw his plea. And "in the absence of an evidentiary hearing on the motion to withdraw plea, this Court is unable to review the trial court's denial of Petitioner's motion." Anderson, 2018 OK CR 13, ¶ 6, 422 P.3d at 767. By correcting its earlier error and setting aside its order granting the motion without a proper hearing, the trial court did not lose jurisdiction to hear evidence and issue a ruling on Petitioner's motion to withdraw the plea. Proposition Two is denied.

¶8 In Proposition Three, Petitioner argues that the trial court lost jurisdiction to deny his motion to withdraw the plea when it failed to hold the evidentiary hearing within the thirty days required by Rule 4.2(B). He did not raise this objection at the time of the evidentiary hearing, nor did he seek relief from this Court for a hearing within the 30-day limit. He has forfeited review of this claim on the merits.

¶9 Rule 4.2(B) states that if the trial court fails to hold the evidentiary hearing on the motion to withdraw a guilty plea within thirty days, a petitioner may seek extraordinary relief with this Court to compel the required hearing. The trial court's failure to hold the hearing therefore does not defeat its jurisdiction; it only renders the court subject to this Court's directive that it perform its clear legal duty to promptly conduct the hearing. Anderson, 2018 OK CR 13, ¶ 6, 422 P.3d at 767 (reversing order denying motion to withdraw plea and remanding with instructions to conduct evidentiary hearing on the motion). Petitioner has not shown that this error rendered his plea involuntary or defeated the trial court's jurisdiction to accept it. Proposition Three is denied.

¶10 In Proposition Four, Petitioner argues that his plea was not knowing. Petitioner again concedes he raised no such claim in his motion to withdraw the plea. He argues both that his unknowing plea should have been plain or obvious to the trial court, and that plea and withdrawal counsel were ineffective in failing to timely raise the issue. We find that in light of the record, and reasonable inferences drawn from the record, Petitioner's plea of guilty was a voluntary and intelligent choice among the alternative courses of action open to him. Alford, 400 U.S. at 31. The plea was therefore both knowing and voluntary. Proposition Four is denied.

¶11 In Proposition Five, Petitioner claims he was denied the effective assistance of counsel at both the plea and the proceedings on his motion to withdraw the plea. To prevail, Petitioner must show both deficient performance by counsel and resulting prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland prejudice, in the guilty plea context, is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Strickland prejudice in the plea withdrawal context is a reasonable probability that, but for counsel's errors, the trial court would have granted the motion.

¶12 Our resolution of these claims is foreshadowed by our resolution of Petitioner's forfeited challenges to his guilty plea and related proceedings. Petitioner entered this plea knowingly and voluntarily. The trial court's errors in initially granting the motion to withdraw the plea before the required evidentiary hearing, and not holding the required evidentiary hearing within thirty days, resulted in no cognizable Strickland prejudice to the Petitioner. We find that he has not shown that plea or withdrawal counsel made errors so serious as to constitute deficient performance, or that he was prejudiced. Proposition Five is denied.

¶13 Finally, in Proposition Six, Petitioner argues that the accumulation of error in this case requires relief. We find no individual errors warranting relief. The two errors already noted caused neither individual harm, nor an accumulation of unfairly prejudicial effect, to Petitioner's defense. Barnett v. State, 2011 OK CR 28, ¶ 34, 263 P.3d 959, 970. Proposition Six is therefore denied.

DECISION

¶14 The petition for the writ of certiorari is DENIED. The Judgment and Sentence is AFFIRMED. Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon delivery and filing of this decision.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE CLIFFORD SMITH, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 SOFIA JOHNSON
 423 S. BOULDER AVE., STE. 300
 TULSA, OK 74103
 (PLEA)

 BRIAN MARTIN
 1331 S. DENVER AVE.
 TULSA, OK 74119
 (WITHDRAWAL)

 ATTORNEYS FOR DEFENDANT
 
 
 DANNY JOSEPH
 P. O. BOX 926
 NORMAN, OK 73070
 ATTORNEY FOR APPELLANT
 
 
 
 
 HEATHER ANDERSON
 ASST. DISTRICT ATTORNEY
 500 S. DENVER AVE., STE. 900
 TULSA, OK 74103
 ATTORNEY FOR THE STATE
 
 
 NO RESPONSE NECESSARY
 
 
 

 

OPINION BY: LEWIS, P.J.
KUEHN, V.P.J.: Concur
LUMPKIN, J.: Concur
HUDSON, J.: Concur in result
ROWLAND, J.: Concur

FOOTNOTES

[1] Judge Greenough initially granted the motion to withdraw the plea by minute order, but later vacated that order and transferred the case to the Honorable Clifford Smith, who conducted the evidentiary hearing and denied Petitioner's motion to withdraw the plea.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 287, 766 P.2d 1380, ESTELL v. STATE
Discussed
 1996 OK CR 55, 932 P.2d 22, Lozoya v. State
Discussed
 1996 OK CR 56, 929 P.2d 988, Carpenter v. State
Discussed
 2006 OK CR 51, 152 P.3d 244, COX v. STATE
Discussed
 2011 OK CR 28, 263 P.3d 959, BARNETT v. STATE
Discussed
 2015 OK CR 16, 362 P.3d 650, WEEKS v. STATE
Discussed at Length
 2016 OK CR 7, 371 P.3d 1127, STATE v. VINCENT
Discussed
 2018 OK CR 13, 422 P.3d 765, ANDERSON v. STATE
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 843.3, Penalties
Cited
 21 O.S. 1114, Rape in First Degree - Second Degree
Cited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA