OSCN Found Document:BROADSTONE v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BROADSTONE v. STATE
2025 OK CR 12
Case Number: C-2024-614
Decided: 08/07/2025
Mandate Issued: 08/07/2025
THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2025 OK CR 12, __ P.3d __

 

DEADREA ZENISE BROADSTONE, Petitioner
v.
STATE OF OKLAHOMA, Respondent

 

SUMMARY OPINION DENYING CERTIORARI

HUDSON, JUDGE:

¶1 On February 22, 2024, Petitioner, Deadrea Zenise Broadstone, entered a negotiated plea of guilty in the District Court of Tulsa County, Case No. CF-2023-1438, to Count 1: Felon in Possession of a Firearm, After Former Conviction of Two or more Felonies, in violation of 21 O.S.Supp.2022, § 1283; and Count 2: Possession of Stolen Property under $1,000.00, a misdemeanor, in violation of 21 O.S.2021, § 1713. Pursuant to the plea agreement, Petitioner was ordered to complete the Women in Recovery (WIR) program. The failure to do so would result in the imposition of a ten-year sentence of imprisonment. The Honorable Sharon K. Holmes, District Judge, accepted Broadstone's plea and postponed sentencing for Petitioner to complete the WIR program.

¶2 On June 27, 2024, after Petitioner absconded from the WIR program, the matter came on for sentencing. Judge Holmes sentenced Petitioner to ten years imprisonment on Count 1, and six months in the county jail on Count 2. Judge Holmes ordered these sentences to run concurrently and imposed various costs and fees.

¶3 On July 5, 2024, Petitioner, through plea counsel, filed a timely motion to vacate her plea. Petitioner complained in her motion to withdraw that: (1) she did not completely and fully understand the consequences of her plea; (2) she was having "emotional, mental and medical health issues"; and (3) these issues "caused a complete breakdown of communication" between her and plea counsel. Conflict counsel was subsequently appointed.

¶4 At a hearing held on August 8, 2024, Judge Holmes took up the matter. At the conclusion of the hearing, which involved testimony from Petitioner and plea counsel, Judge Holmes denied Petitioner's motion to withdraw.

¶5 Petitioner now seeks a writ of certiorari based on the following proposition of error:

AS PETITIONER PARTICIPATED BY VIDEOCONFERENCE FROM PRISON WITHOUT A WAIVER, PETITIONER WAS DENIED HER DUE PROCESS RIGHT TO BE PHYSICALLY PRESENT AT THE HEARING ON HER MOTION TO WITHDRAW PLEA.

¶6 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, and Petitioner's brief, we find that no relief is required under the law and evidence. Petitioner's Petition for Writ of Certiorari is DENIED.

¶7 Petitioner complains on appeal that she was denied her due process right to be physically present at her withdrawal hearing. Petitioner instead appeared "virtually" at the hearing "through videoconferencing" from the Eddie Warrior Correctional Center. See 20 O.S.2021, § 130 ("The use of videoconferencing technology, or the equivalent thereof, in the district courts is hereby authorized in all stages of civil or criminal proceedings and shall be governed by the Rules for District Courts of Oklahoma."); Rule 34, Rules for District Courts of Oklahoma, Title 12 O.S.2021, Ch. 2, App. (2024). Petitioner argues, however, that because a hearing on a motion to withdraw guilty plea is a "critical stage" of a criminal proceeding, a waiver of her right to be physically present was mandated. See Rule 34(A)(9) & (E)(2), Rules for District Courts of Oklahoma, Title 12 O.S.2021, Ch. 2, App. (2024); Dunn v. State, 2018 OK CR 35434 P.3d 1

¶8 Petitioner admits this issue was not raised at any point before the district court. It was also not raised in the petition for writ of certiorari filed with this Court. Normally, this issue is waived from our review on a certiorari appeal for failing to raise it both during the proceedings on the motion to withdraw plea and in the petition for writ of certiorari. Rule 4.2(B) and 4.3(C)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2025); Weeks v. State, 2015 OK CR 16362 P.3d 650

¶9 Petitioner nonetheless contends this Court should review her forfeited claim for plain error. Contrary to her contention, Petitioner's claim is not subject to plain error review. Champion v. State, 2020 OK CR 8461 P.3d 952

¶10 To the extent our prior cases are inconsistent with our rules, these cases are overruled. See Lewis v. State, 2009 OK CR 30220 P.3d 1140Fields v. State, 1996 OK CR 35923 P.2d 624Medlock v. State, 1994 OK CR 65887 P.2d 1333

¶11 Petitioner in this case could have asserted her right to be physically present at the withdrawal hearing at the commencement of the withdrawal proceedings, if not sooner. The issue also could have been raised in the petition for writ of certiorari. Because it was not, this claim is waived from review in this certiorari appeal. Rule 4.2(B) and 4.3(C)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2025); Weeks, 2015 OK CR 16362 P.3d at 657. Moreover, unlike the Petitioner in Champion, Petitioner here does not raise a parallel claim of ineffective assistance of withdrawal counsel for failing to raise this issue below thus requiring a merits review of her forfeited claim. 

DECISION

¶12 The Petition for Writ of Certiorari is DENIED. The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2025), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE SHARON K. HOLMES, DISTRICT JUDGE

 

 
 
 APPEARANCES BELOW
 
 BOB STUBBLEFIELD
 ATTORNEY AT LAW
 1840 EAST 15TH STREET
 TULSA, OK 74104
 COUNSEL FOR DEFENDANT
 (PLEA)
 APPEARANCES ON APPEAL
 
 CHAD JOHNSON
 INDIGENT DEFENSE SYSTEM
 APPELLATE DIVISION EAST
 111 N. PETERS, STE. 100
 NORMAN, OK 73069
 COUNSEL FOR PETITIONER
 
 
 
 GREG LAVENDER
 ATTORNEY AT LAW
 624 S. DENVER AVENUE
 SUITE 300
 TULSA, OK 74119
 COUNSEL FOR DEFENDANT
 (MOTION TO WITHDRAW)
 
 SIERRA SIPES
 ASST. DISTRICT ATTORNEY
 500 S. DENVER AVENUE
 SUITE 900
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 NO RESPONSE FROM THE STATE
 
 

 

OPINION BY: HUDSON, J.
LUMPKIN, P.J.: CONCUR
MUSSEMAN, V.P.J: CONCUR
LEWIS, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

Champion. This, however, was due to Champion's parallel claims of ineffective assistance of counsel that necessitated such review. Champion, 2020 OK CR 8461 P.3d at 955. Indeed, the Court states that its resolution of Champion's ineffectiveness claims is "foreshadowed by [its] resolution of Petitioner's forfeited challenges to his guilty plea and related proceedings." Id. ¶ 12. Champion therefore does not hold that this Court will now routinely review forfeited claims.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105